IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MARVIN KLINTWORTH d/b/a** | § | |
| **BRAZOS SITE WORK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: 4:17-cv-2829 |
| | § | |
| **ATLANTIC CASUALTY INSURANCE** | § | |
| **COMPANY, MARK CANGELOSE,** | § | |
| **SERVICE INSURANCE GROUP, INC.,** | § | |
| **LITCHFIELD SPECIAL RISKS, INC.,** | § | |
| **and SIG INSURANCE SERVICES, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant, Atlantic Casualty Insurance Company (Atlantic Casualty), files this Notice of Removal pursuant to 28 U.S.C. §1441, *et seq.*, and respectfully shows the Court as follows:

## I.
## INTRODUCTION

1.  This removed action is an insurance coverage dispute arising from a separate, underlying, state-court suit against Plaintiff for allegedly faulty grading work resulting in alleged damage.  Plaintiff was sued in Cause No. 423-4305; *Bluebonnet Electric Cooperative, Inc. v. Chappell Hill Construction Co., et al.*; currently pending in the 423rd Judicial District Court of Bastrop County, Texas (the Underlying Lawsuit).[1]  Pursuant to the terms of its policies of insurance issued to Plaintiff's brother, Brian Klintworth, Atlantic Casualty denied coverage

---

[1] Atlantic Casualty is not a party to the Underlying Lawsuit, and the Underlying Lawsuit is not being removed by way of this Notice.

properly for the Underlying Lawsuit, for which Plaintiff now sues for breach of contract and declaratory judgment in the instant, removed case (the Coverage Lawsuit).

2. The Coverage Lawsuit was filed in the 272nd Judicial District Court of Brazos County, Texas on June 30, 2017. The Commissioner of the Texas Department of Insurance was served with the petition and citation on August 21, 2017, and Atlantic Casualty received service on September 5, 2017. This Notice of Removal is filed within 30 days of the receipt of such service and is, therefore, timely under 28 U.S.C. § 1446(b). Venue is proper in this district and division under 28 U.S.C. §1441(a) because the state court suit in which this case is currently pending is located in this district and division.

3. This action is removable because there is complete diversity of citizenship between the Plaintiff and Atlantic Casualty – the only Defendant properly joined – and because damages alleged are in excess of $75,000.00. Accordingly, this matter is within the jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332.

4. Plaintiff improperly joined Defendants Mark Cangelose, Service Insurance Group, Inc., SIG Insurance Services, LLC and Litchfield Special Risk, Inc. (collectively referred to herein as the Agent Defendants), solely to defeat diversity jurisdiction. *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). There is no reasonable basis for believing that Plaintiff could recover from the Agent Defendants under applicable state law; thus their citizenship must be disregarded for purposes of diversity jurisdiction. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 – 77 (5th Cir. 2006).

5. Atlantic Casualty promptly will file a copy of this Notice of Removal with the clerk of the 272nd District Court of Brazos County, where this lawsuit presently is pending.

## II.
## FACTUAL BACKGROUND

6. Atlantic Casualty insured "Brian Klintworth d/b/a Brazos Site Work" under two commercial general liability policies in effect from December 31, 2003 to December 31, 2004 and January 25, 2005 to January 25, 2006 (collectively, the Policies). The Policies were applied for and issued to Brian Klintworth, an "individual." No other entity or organization, or individual was disclosed in the application process, nor was coverage requested for any person or entity other than Brian Klintworth. On or about March 20, 2017, Atlantic Casualty received notice of the Underlying Lawsuit in which two allegedly related entities and Plaintiff (Marvin Klintworth, brother of named insured Brian Klintworth) were sued.

7. The Underlying Lawsuit sues Brazos Sitework, LP, Brazos Sitework Management, LLC, and Marvin Klintworth d/b/a Brazos Site Work and numerous others for alleged damage to a commercial building. The damage is alleged to have resulted from soil movement caused by "Brazos Site Work's" failure to construct the foundation pad appropriately.

8. On March 31, 2017, Atlantic Casualty properly denied coverage in part because Marvin Klintworth, doing business as Brazos Site Work or otherwise, is not the insured named on the Policies, nor is he the "individual" who applied for coverage. He is not an insured in any other capacity. Coverage was applied for and issued to his brother in an individual capacity, and that is the risk that Atlantic Casualty underwrote (under the terms and conditions of the Policies). Furthermore, the Atlantic Casualty Policies contain a subsidence exclusion that precludes coverage for the Underlying Lawsuit.

9. Plaintiff, Marvin Klintworth, sued Atlantic Casualty in this Coverage Action on June 30, 2017, seeking a declaratory judgment that the Underlying Lawsuit is covered by the Policies, and Atlantic Casualty has a duty to defend him in the Underlying Lawsuit. Plaintiff

also asserts a claim for breach of contract based on Atlantic Casualty's denial of defense for the Underlying Lawsuit.  In addition, Plaintiff sues four agent-related defendants for negligent failure to procure – Service Insurance Group, Inc., SIG Insurance Services, LLC, Litchfield Special Risk, Inc., and Mark Cangelose.[2]  As set forth below, these defendants improperly are joined, and this Court has jurisdiction over this action based upon diversity of citizenship.

### III.
### BASIS FOR REMOVAL

10. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A. The proper parties – Plaintiff and Atlantic Casualty – are of diverse citizenship.**

11. The Plaintiff is Marvin Klintworth d/b/a Brazos Site Work, an individual residing in Brazos County, Texas and a citizen of the State of Texas.  For purposes of diversity, Plaintiff is a citizen of Texas.

12. The Coverage Lawsuit names five defendants.  The first named defendant is Atlantic Casualty.  Atlantic Casualty is an insurance company formed under the laws of the State of North Carolina with its principal place of business in Goldsboro, North Carolina.  Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Atlantic Casualty is a citizen of North Carolina.

13. Atlantic Casualty asserts it is the only properly joined defendant, and thus diversity of citizenship exists between it and Plaintiff.

**B. The Agent Defendants were improperly joined.  Plaintiff cannot recover against the Agent Defendants because his negligence claim against them is barred by the statute of limitations.**

---

[2] Atlantic Casualty notes that SIG Insurance Services, LLC was added via Plaintiff's First Amended Petition, filed on September 20, 2017 – the date of this Notice of Removal. To date, SIG Insurance Services, LLC has not been served nor has it filed a responsive pleading.  The claims against it are equally time-barred.

14. In addition to Atlantic Casualty, Plaintiff sued the Agent Defendants – Mark Cangelose, Service Insurance Group, Inc., SIG Insurance Services, LLC, and Litchfield Special Risks, Inc. Plaintiff alleges that in December 2003, Brazos Site Work contacted Mark Cangelose, an agent with Service Insurance Group, Inc. (SIG), part of SIG Insurance Services, LLC, (SIG Insurance Services) to obtain insurance. (Pl.'s Pet., Sec. IV). Plaintiff further alleges that Mr. Cangelose submitted a Commercial Insurance Application on his behalf to Litchfield Special Risk, Inc. (Litchfield), a "broker used by [Cangelose] and [SIG entities] to obtain policies." (Pl.'s Pet., Sec. IV). Plaintiff further alleges "in May 2010, Plaintiff reorganized into two separate entities—Brazos Sitework, LP and Brazos Sitework Management, LLC… [no Agent Defendant] recommended and/or advised Brazos Site Work to purchase a policy that would provide continuing coverage for work performed by Brazos Site Work, the sole proprietorship." *Id.*

15. Plaintiff alleges that the Agent Defendants were negligent by "failing to properly identify the name of the insured" and "failing to offer Plaintiff a policy that did not include a 'Subsidence' exclusion, or by failing to fully and completely explain such coverage issues." (Pl.'s Pet., Sec. XII) Plaintiff also argues that the Agent Defendants were "negligent by failing to recommend and/or advise Plaintiff to purchase a policy that would provide continuing coverage for work performed by Marvin Klintworth d/b/a Brazos Site Work." *Id.* As set forth below, the Agent Defendants are improperly joined. The citizenship of a party that is improperly joined must be disregarded in determining whether diversity of citizenship exists. *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).

16. The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).  Where a defendant alleges the latter, he must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

17.     Even if Plaintiff successfully set forth allegations upon which this Court has a reasonable basis to predict that Plaintiffs might be able to recover against a non-diverse defendant, Atlantic Casualty may show improper joinder by establishing an affirmative defense of the non-diverse defendants.  *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd*., 99 F.3d 746, 753 (5th Cir. 1996).  If a defendant establishes an affirmative defense, "it necessarily follows that joinder was [improper]." *Id*. The statute of limitations is an affirmative defense, and it establishes improper joinder in this case. *See* TEX. R. CIV. P. 94 & FED. R. CIV. P. 8(c)(1).

18.     In deciding the issue of improper joinder, the Court may either (1) conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant; or (2) to "pierce the pleadings" and conduct a summary judgment-type analysis to identify discrete facts that would preclude recovery against the non-diverse defendant. *Id.* at 573–744.

19.     Plaintiff cannot recover against the Agent Defendants, because his negligence claim against them was long ago barred by the two-year statute of limitations.  The statute of limitations for a negligence claim in Texas is two years.  TEX. CIV. PRAC. & REM. CODE § 16.003(a).  Plaintiff's cause of action against the Agent Defendants accrued and limitations began to run in or about December 2003.  The date on which a cause of action accrues is a

question of law.  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). "[A] cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Id*.  A cause of action generally accrues when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later and even if all resulting damages have not yet occurred.  *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996).  In this case, Plaintiff sues the Agent Defendants for negligence because he did not obtain the insurance coverage he thought he had for his business.  His cause of action against the Agent Defendants accrued at the time the first Atlantic Casualty Policy was issued.

20. Plaintiff has not pleaded the discovery rule.  Furthermore, he cannot assert the discovery rule to defeat the statute of limitations in this case.  A plaintiff cannot rely on the discovery rule to defeat the statute of limitations defense when the plaintiff could have discovered an alleged lack of insurance coverage had it used diligence in confirming the coverages provided.  *Sabine Towing & Transp. Co., Inc. v. Holliday Ins. Agency, Inc.*, 54 S.W.3d 57, 62-63 (Tex. App.—Texarkana 2001, pet. denied).  Had Plaintiff exercised due diligence and simply read the Policy he assumed covered him in 2003, he would have realized the Policy did not list him as an insured, and did not cover subsidence claims.  Under Texas law, an insured has a duty to read the insurance contract and is bound by its terms even if they were not fully explained.  *Avila v. State Farm Fire & Cas. Co*., 147 F. Supp. 2d 570, 581 (W.D. Tex. 1999). Plaintiff could have discovered his lack of coverage immediately in 2003 had he read any documents provided by Cangelose, SIG, SIG Insurance Services, or Litchfield.  The named insured and subsidence exclusion were listed on every binder of coverage and Policy forms list. *See, e.g., Hunton v. Guardian Life Ins. Co. of Am.*, 243 F. Supp. 2d 686 (S.D. Tex. 2002), *aff'd,* 71 F. App'x 441 (5th Cir. 2003) (two-year limitations period for claims against life insurer

arising from agent's alleged misrepresentations began to run when policy was purchased in reliance on misrepresentations, rather than when misrepresentations were discovered, as insured and policyholder failed to exercise reasonable diligence to discover alleged falsity of statements by reviewing written policy). There is no basis for Plaintiff to assert that his negligence claim against the Agent Defendants did not accrue on or about December 2003, or at the latest, May of 2010 when he alleges the reorganization occurred.

21. Because the statute of limitations bars Plaintiff's claims against the Agent Defendants, he cannot establish a cause of action against them. Applying the doctrine of improper joinder, there is diversity jurisdiction and the in-state defendant barrier does not apply.

**C.  To the extent he asserts a declaratory judgment claim against the Agent Defendants, Plaintiff cannot recover. No justiciable controversy exists between Plaintiff and the Agent Defendants regarding rights and responsibilities under the Policies to which they are not a party.**

22. Plaintiff also seeks a declaratory judgment regarding the "rights and responsibilities of the parties with regard to the Atlantic Casualty Insurance Company Policies…." (Pl.'s Pet., Sec. V). In particular, he asks the Court to determine that the underlying "claims are covered under the insurance policies issued by Atlantic Casualty" and that Atlantic Casualty "must provide a defense for Brazos Site Work" for the Underlying Lawsuit. *Id.*

23. A trial court may not render a declaratory judgment unless there is a justiciable controversy between the parties that will actually be resolved by the declaration sought. *See* TEX. CIV. PRAC. & REM. CODE § 37.008; *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995). There is no justiciable controversy between Plaintiff and the Agent Defendants regarding coverage under the Policies or a defense obligation under the Policies because they can never owe a coverage or other obligation under the Policies, to which they are not a party.

24. To the extent that Plaintiff seeks a declaratory judgment as to the Agent Defendants, he cannot obtain the remedy he seeks. There is no set of circumstances in which any of the Agent Defendants could owe coverage under the Policies or a duty to defend Plaintiff in the Underlying Lawsuit. The Agent Defendants are not the insurance company, and are accordingly not parties to the insurance contracts at issue. The relief that Plaintiff seeks—that the Atlantic Casualty Policies provide coverage and that Atlantic Casualty has a duty to defend – are not available as to the Agent Defendants. Furthermore, Plaintiff pleads no factual or legal theory that would make the Agent Defendants vicariously liable on a contract to which they are not a party. The Agent Defendants do not and cannot have any rights or obligations under the Policies that Plaintiff seeks a declaratory judgment on. A determination of rights and obligations under the Policies would have no effect on the Agent Defendants whatsoever.

25. Because there is no case or controversy that would merit Plaintiff's declaratory judgment against the Agent Defendants, he cannot recover for that claim. Applying the doctrine of improper joinder, there is diversity jurisdiction and the in-state defendant barrier does not apply.

## IV.
## AMOUNT IN CONTROVERSY

26. Plaintiff states in the current Coverage Lawsuit that he seeks monetary relief in an amount over $100,000.00. He alternatively seeks damages over $1,000,000.00. Based on Plaintiff's description of his claim, the amount at issue, exclusive of costs and interest, well exceeds the minimum for removal. 28 U.S.C. § 1332(a); *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 353 (1961); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

## V.
## NOTICE AND CONSENT

27. Atlantic Casualty submits that the consent of improperly joined parties (SIG, SIG Insurance Services, Cangelose, and Litchfield) is not required by the rules. *See* 28 U.S.C. § 1446(b)(2)(a) (requiring "all defendants who have been properly joined" to join in or consent to the removal of the action) (emphasis added); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined).

28. There are no orders signed by the state court judge. Pursuant to 28 U.S.C. §1446(a), the following documents are being filed simultaneously and as exhibits to this notice of removal:

    (1)    Appendix of documents being filed;

    (2)    State Court Docket Sheet[3];

    (3)    All executed process in the case;

    (4)    Pleadings asserting causes of action;

    (5)    A list of all counsel of record;

    (6)    Civil Cover Sheet.

FOR THESE REASONS, Atlantic Casualty Insurance Company respectfully requests that this Court remove this action from the 272nd Judicial District Court of Brazos County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

---

[3] At the time of filing this Notice of Removal, Plaintiff's First Amended Petition was served on parties who have already appeared in the Coverage Lawsuit, but the file-marked version was not yet available on the Court's docket, nor was the First Amended Petition reflected as filed on the Court's docket.

        Respectfully submitted,

        SAVRICK, SCHUMANN, JOHNSON,
        MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By:  */s/ Camille Johnson*
        Camille Johnson
        State Bar No. 10686600
        Southern District Bar No. 16414
        6440 N. Central Expressway, Suite 107
        Dallas, Texas 75206
        Phone: (214) 368-1515
        Fax: (214) 292-9647
        Email: camille@ssjmlaw.com

**ATTORNEY FOR DEFENDANT, ATLANTIC CASUALTY INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 20th day of September 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

    Scott J. Scherr
    Jason D. Reynal
    PAYNE, MALECHEK, SCHERR, CAMPBELL & MOORE, P.C.
    3850 Corporate Center Drive
    Bryan, Texas 77802
    *Counsel for Plaintiff Marvin Klintworth d/b/a Brazos Site Work*

    Brian J. Bradigan
    Ryan Brown
    HERMES LAW, P.C.
    2001 N. Lamar Street, Suite 450
    Dallas, Texas 75202
    *Counsel for Defendant Litchfield Special Risks, Inc.*

    Thomas Culpepper
    Dirrell S. Jones
    THOMPSON COE COUSINS & IRONS, L.L.P.
    The Plaza of the Americas
    700 N. Pearl Street, Twenty-Fifth Floor
    Dallas, Texas 75201
    *Counsel for Mark Cangelose*

    Angella H. Myers
    THE MYERS LAW GROUP, L.L.P.
    8144 Walnut Hill Lane, Suite 390
    Dallas, Texas 75231
    *Counsel for Service Insurance Group, Inc.*

    */s/ Camille Johnson*
    Camille Johnson