IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARVIN KLINTWORTH d/b/a | § | |
| BRAZOS SITE WORK, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: 4:17-cv-2829 |
| | § | |
| ATLANTIC CASUALTY INSURANCE | § | |
| COMPANY, MARK CANGELOSE, | § | |
| SERVICE INSURANCE GROUP, INC., | § | |
| LITCHFIELD SPECIAL RISKS, INC., | § | |
| and SIG INSURANCE SERVICES, LLC, | § | |
| | § | |
| **Defendants.** | § | |

## APPENDIX TO ATLANTIC CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

| EXHIBIT | DOCUMENT | APPENDIX PAGE |
|---|---|---|
| Exhibit 1 | Docket Sheet from the District Court of Brazos County, Texas | ACIC App. 001 |
| Exhibit 2 | Plaintiff's Original Petition<br>Cause No. 17-001725-CV-272; *Marvin Klintworth d/b/a Brazos Site Work v. Atlantic Casualty Insurance Company, Mark Cangelose, Service Insurance Group, Inc., and Litchfield Specialty Risks, Inc.;* in the 272nd Judicial District of Brazos County, Texas<br>*Filed: June 30, 2017* | ACIC App. 002-015 |
| Exhibit 3 | Citation Issued to Atlantic Casualty Insurance Company<br>*Dated: July 14, 2017* | ACIC App. 016-017 |
| Exhibit 4 | Citation Issued to Litchfield Special Risks, Inc.<br>*Dated: July 14, 2017* | ACIC App. 018-020 |
| Exhibit 5 | Citation Issued to Service Insurance Group, Inc.<br>*Dated: July 14, 2017* | ACIC App. 021-022 |
| Exhibit 6 | Citation Issued to Mark Cangelose<br>*Dated: July 14, 2017* | ACIC App. 023-024 |

| Exhibit 7 | Return of Service for Mark Cangelose<br>*Dated: July 20, 2017* | ACIC App. 025 |
| Exhibit 8 | Texas Department of Insurance Letter to Clerk regarding Refusal of Service of Atlantic Casualty Insurance Company<br>*Dated: July 24, 2017* | ACIC App. 026 |
| Exhibit 9 | Return of Service for Service Insurance Group, Inc.<br>*Dated: July 26, 2017* | ACIC App. 027 |
| Exhibit 10 | Return of Service for Litchfield Special Risks, Inc.<br>*Dated: July 31, 2017* | ACIC App. 028 |
| Exhibit 11 | Litchfield Special Risks, Inc.'s Original Answer<br>*Dated: August 2, 2017* | ACIC App. 029-033 |
| Exhibit 12 | 2nd Citation Issued to Atlantic Casualty Insurance Company<br>*Dated: August 9, 2017* | ACIC App. 034 |
| Exhibit 13 | Litchfield Special Risks, Inc.'s Amended Answer<br>*Dated: August 9, 2017* | ACIC App. 035-038 |
| Exhibit 14 | Service Insurance Group, Inc.'s Answer and Plea to the Jurisdiction of Plaintiff's Original Petition<br>*Dated: August 14, 2017* | ACIC App. 039-042 |
| Exhibit 15 | Mark Cangelose's Original Answer<br>*Dated: August 14, 2017* | ACIC App. 043-044 |
| Exhibit 16 | Atlantic Casualty Insurance Company's Original Answer<br>*Dated: September 11, 2017* | ACIC App. 045-052 |
| Exhibit 17 | Mark Cangelose's First Amended Answer and Affirmative Defenses<br>*Dated: September 19, 2017* | ACIC App. 053-058 |
| Exhibit 18 | Service Insurance Group, Inc.'s Amended Answer, Plea to the Jurisdiction and Affirmative Defenses<br>*Dated: September 20, 2017* | ACIC App. 059-064 |
| Exhibit 19 | Plaintiff's First Amended Petition<br>*Dated: September 20, 2017* | ACIC App. 065-078 |

| Exhibit 20 | Issuance of Process Instructions for SIG Insurance Services, LLC<br>*Dated: September 20, 2017* | ACIC App. 079 |
| Exhibit 21 | List of Counsel and Parties Represented | ACIC App. 080-081 |

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: *Camille Johnson*

Camille Johnson
State Bar No. 10686600
Southern District Bar No. 16414
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
Phone: (214) 368-1515
Fax: (214) 292-9647
Email: camille@ssjmlaw.com

**ATTORNEY FOR DEFENDANT, ATLANTIC CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

Scott J. Scherr
Jason D. Reynal
PAYNE, MALECHEK, SCHERR, CAMPBELL & MOORE, P.C.
3850 Corporate Center Drive
Bryan, Texas 77802
***Counsel for Plaintiff Marvin Klintworth d/b/a Brazos Site Work***

Brian J. Bradigan
Ryan Brown
HERMES LAW, P.C.
2001 N. Lamar Street, Suite 450
Dallas, Texas 75202
***Counsel for Defendant Litchfield Special Risks, Inc.***

Thomas Culpepper
Dirrell S. Jones
THOMPSON COE COUSINS & IRONS, L.L.P.
The Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201
***Counsel for Mark Cangelose***

Angella H. Myers
THE MYERS LAW GROUP, L.L.P.
8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231
***Counsel for Service Insurance Group, Inc.***

Camille Johnson



Exhibit 1                    ACIC App. 001

Received & Filed 8/30/2017 2:48 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Jeri Alexander
Envelope# - 17952007

272

CAUSE NO. 17-001725-CV-CCL4

| | | |
|---|---|---|
| MARVIN KLINTWORTH D/B/A | § | IN THE DISTRICT COURT OF |
| BRAZOS SITE WORK | § | |
| | § | |
| VS. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| ATLANTIC CASUALTY INSURANCE | § | |
| COMPANY, MARK CANGELOSE | § | |
| SERVICE INSURANCE GROUP, INC. | § | |
| AND LITCHFIELD SPECIAL RISKS, | § | |
| INC. | § | 272 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Marvin Klintworth d/b/a Brazos Site Work ("Brazos Site Work") files this Original Petition against Atlantic Casualty Insurance Company, Mark Cangelose, Service Insurance Group, Inc., and Litchfield Special Risks, Inc.

### I.
### DISCOVERY CONTROL PLAN LEVEL

Brazos Site Work intends that discovery be conducted under Discovery Level 3.

### II.
### PARTIES AND SERVICE

Plaintiff Marvin Klintworth d/b/a Brazos Site Work is an individual residing in Brazos County, Texas.

Defendant Atlantic Casualty Insurance Company is a surplus lines foreign insurance company with its principal place of business in North Carolina. Although Atlantic Casualty Insurance Company does not maintain an office in Texas, Atlantic Casualty Insurance Company engages in business in Texas, has provided insurance products in the State of Texas, and has purposefully availed itself to, and has sufficient contacts with, Texas to be subjected to personal jurisdiction in Texas. The claims presented herein arise directly from Atlantic Casualty Insurance

Exhibit 2                    ACIC App. 002

Company's contacts with the State of Texas. Pursuant to Tex. Ins. Code 804.001, et seq. and the policies at issue, Atlantic Casualty Insurance Company may be served with process by serving the Commissioner of Insurance in Texas, at Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701 The Commissioner of Insurance must then send by registered or certified mail, return receipt requested, one copy of the process served on the Commissioner to Atlantic Casualty Insurance Company at PO Drawer 8010, Goldsboro, North Carolina 27533-8010.

Defendant Mark Cangelose is an individual residing in Texas. He may be served with process at his regular place of business 2751 Nash Street, Suite 100, Bryan, Texas 77802.

Defendant Service Insurance Group, Inc. is a domestic corporation with its principal place of business in Brazos County, Texas. It may be served with process through its registered agent, Rodney Hurt, 3840 Corporate Center Drive, Bryan, Texas 77802.

Defendant Litchfield Special Risks, Inc. is a domestic corporation with its principal place of business in Texas. It may be served with process through its Registered Agent, Robert L Maes at 7016 Orizaba, El Paso, Texas 79912 or wherever he may be found.

### III.
### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over the parties because Defendants are residents of Texas and/or are licensed to do business in Texas and/or engaged in sufficient contact and transactions in Texas and/or participated in the stream of commerce with the expectation that it would affect commerce in Texas, and Defendants are thus subject to jurisdiction by Texas courts.

In accordance with Texas Rule of Civil Procedure 47, Plaintiff states that he is seeking non-monetary relief and monetary relief of more than $100,000 but less than $200,000. In the alternative, Plaintiff states that he is seeking monetary relief of more than $200,000 but less than

F:\LAW\Scheri\2017\Klintworth DBA v. Atlantic Casualty Ins. (17-0100)\Pleadings\Orig. Petition.doc                    2

Exhibit 2                    ACIC App. 003

$1,000,000. In the alternative, Plaintiff states that he is seeking monetary relief of more than $1,000,000.

Venue in Brazos County is proper in this cause under Section 15.002, et. seq. of the Texas Civil Practice and Remedies Code because the discussions precipitating the purchase, and the actual purchase of, the insurance policies made the basis of this suit occurred in Brazos County, Texas, and at least two of the Defendants reside and/or maintain a principal office in Brazos County, Texas, and the place of the occurrences and contacts all occurred in Brazos County, Texas.

## IV.
## FACTS

In or about December 2003, Brazos Site Work contacted Mark Cangelose, an insurance agent with Service Insurance Group, Inc, to obtain a liability insurance policy for its business operations. At the time, Brazos Site Work was a sole proprietorship owned by Marvin Klintworth, who was doing business under the assumed name of Brazos Site Work, as evidenced by the Assumed Name Certificate on file with the Brazos County Clerk at the time. A copy of the Assumed Name Certificate is attached hereto as Exhibit "A." Although the business was Marvin's, he shared the workload with his brother, Brian, with Marvin doing more of the "out in the field" work and his brother Brian handling the office and paperwork end of the business.

Brazos Site Work provides construction sitework services, namely the part of a construction project that includes grading, excavation, driveways and foundation work. Thus, the construction services provided by Brazos Site Work specifically involve work with, on and involving the surface and levelness of the land. Knowing exactly what kind of work Brazos Site Work does and the business it is involved with, Mr. Cangelose submitted Commercial Insurance Applications on Plaintiff's behalf to Litchfield Special Risks, Inc., the broker used by Mr. Cangelose and Service Insurance Group, Inc. to obtain policies. Litchfield Special Risks, Inc.

Exhibit 2                                    ACIC App. 004

obtained quotes from Atlantic Casualty Insurance Company on Plaintiff's behalf. At Mr. Cangelose's recommendation, Brazos Site Work purchased a policy from Defendant Atlantic Casualty Insurance Company. The policy number was L096000316 with a policy period of December 31, 2003 through December 31, 2004. A second policy through Atlantic Casualty Insurance Company, numbered L096000583, covered the period of January 25, 2005 through January 25, 2006. The terms of these policies provided for coverage of certain claims made against the insured and obligated Atlantic Casualty Insurance Company to provide a defense for claims made against the insured.

During the policy periods, Chappell Hill Construction Company ("Chappell Hill") subcontracted with Brazos Site Work to perform work for a construction project in Red Rock, Texas ("the Project"). The Project was owned by Bluebonnet Electric Cooperative, Inc. ("Bluebonnet").

In completing his initial bid, Brazos Site Work reviewed the plans and specifications to provide a bid to use 4-feet of select fill under the building pad. Brazos Site Work began and then completed work on the Project during the applicable policy period. A Certificate of Substantial Completion was later issued for the Project on October 19, 2005, well within the applicable policy period.  In doing work on the Project, Brazos Site Work used 4-feet of select fill, as it thought was appropriate by reading of the plans and specifications provided.

After completion of the work, Bluebonnet filed suit in Bastrop County against Chappell Hill and other parties in a case styled Cause Number 423-4305; *Bluebonnet Electric Cooperative, Inc. v. Chappell Hill Construction Co., et al*; in the 423rd Judicial District Court of Bastrop County, Texas. Bluebonnet alleged certain construction and design defects in this lawsuit which was filed in 2016. Bluebonnet alleged that the Red Rock facility had been damaged due to upward movement of the soil-supported slab and attributes that movement to the

Exhibit 2                    ACIC App. 005

fact that only 4-feet of select fill was used instead of 6-feet. It was not until July 1, 2016 that Bluebonnet made Marvin Klintworth d/b/a Brazos Site Work a party to the suit, alleging that Brazos Site Work was negligent in reading and interpreting the plans and specifications. Bluebonnet contends that Brazos Site Work should have read the plans and specifications to require 6 feet of select fill for the slab on grade, instead of the 4 feet that Brazos Site Work thought was required.

Brazos Site Work complied with its contract and provided the amount of fill it bid, but Bluebonnet contends Brazos Site Work was negligent because it read the plans and specifications incorrectly. That lawsuit is not a breach of contract case against Brazos Site Work – it is a negligence case. In fact, Brazos Site Work did not even have a contract with Bluebonnet and therefore Bluebonnet cannot even assert a breach of contract case against Brazos Site Work.

Bluebonnet claims to have approximately $2 million in damages. Bluebonnet asserts that because the dirt work performed by Brazos Site Work was buried beneath the building, it was impossible to see the damages at that time. Bluebonnet further claims it did not discover the source of the issues until 2014. Although Brazos Site Work disputes Bluebonnet's claims, Bluebonnet made a claim which is, or should be, covered by the policies issued by Defendant. Accordingly, Brazos Site Work notified Defendant of the lawsuit by Bluebonnet and demanded that Defendant provide coverage and a defense as required by the policies. This notice was provided immediately after Brazos Site Work located the policy information.

Atlantic Casualty Insurance Company was made aware of the claim and given a copy of Bluebonnet's live-pleading. Brandi K. Percy, a Litigation Examiner with the insurance company was assigned to the claim. Acting on no more than the petition itself and a very short single phone conversation with counsel on March 21, 2017, the insurance company agent issued a ten-

page letter, on behalf of Atlantic Casualty Insurance Company on March 31, 2017, denying coverage of the claims made by Bluebonnet and refusing to provide Brazos Site Work a defense.

In refusing to provide coverage, or even provide a defense for Brazos Site Work, Atlantic Casualty Insurance Company claims that the insurance policy is not applicable to the named Defendant in the Bluebonnet suit, "Marvin Klintworth dba Brazos Site Work." However, Brazos Site Work's policies with Atlantic Casualty Insurance Company names the insured as follows:

BRIAN KLINTWORTH
DBA **BRAZOS SITE WORK**
9349 DILLY SHAW TAP RD
BRYAN     TX 77808

An Assumed Name Certificate, under Chapter 36, Title 4 of the Texas Business and Commerce Code was filed in February 2004 indicating that Brazos Site Work was the assumed name under which Marvin Klintworth was conducting business. At the time the insurance was obtained, the only person doing business as "Brazos Site Work" was Marvin Klintworth. The policies do provide coverage to "Brazos Site Work," and therefore, Brazos Site Work – the named defendant in the Bluebonnet lawsuit – is a named insured for which coverage should apply. Furthermore, during the single phone conversation between Defendant's agent and counsel for Klintorth, it was explained that Marvin and Brian are brothers and had worked at Brazos Site Work together since its inception, and that Brian mainly handled the paperwork while Marvin was generally out in the field.

Brazos Site Work had a d/b/a certificate on file at the time the insurance was obtained. Such certificate put everyone on notice as to who was doing business as Brazos Site Work. The subcontract between Brazos Site Work and Chappell Hill lists "Brazos Site Work" as the subcontractor, and Brazos Site Work is the named insured on the face of the policies at issue.

Any discrepancy about who was being insured was caused by the Defendants, who were on notice by Klintworth and by the d/b/a certificate, as to who Brazos Site Work really was.

Atlantic Casualty Insurance Company further denied coverage on the basis that the alleged damages occurred outside of the policy periods, without even conducting any investigation as to when the alleged damages actually occurred or began to occur. Even the Plaintiff in the Bluebonnet suit says they could not see the damage because it was under the building, so Atlantic Casualty cannot possibly know when the alleged damages occurred, much less that they occurred outside the policy period.

The policies at issue are "occurrence-based" and state that the insurance provides coverage when "[t]he "bodily injury" or "property damage" occurs during the policy period,..." As explained to Atlantic Casualty's agent, Bluebonnet's lawsuit alleges that it seeks damages for Brazos Site Work's alleged negligence in failing to construct the Project's building pad in accordance with plans and specifications, and the only time in which Brazos Site Work performed work on the Project was during the policy periods. Bluebonnet alleges that its damages resulted from this failure. The "occurrence" and damages for which Bluebonnet sues Brazos Site Work occurred during the policy period, even if the damages were not discovered until much later.

Atlantic Casualty Insurance Company further listed a series of policy provisions, without any explanation for how these provisions applied to Brazos Site Work's request for coverage and how they supported Atlantic Casualty Insurance Company's decision to decline coverage. Curiously, one provision cited in Ms. Percy's letter does not even appear in either insurance policy she provided to the insured's counsel. That provision reads as follows:

### EXCLUSION – SUBSIDENCE

In consideration of the premium charged, it is hereby understood and agreed that liability for bodily injury or property damage caused by,

Exhibit 2                    ACIC App. 008

resulting from, attributable to or contributed to, or aggravated by the subsidence of land as a result of landslide, mud flow, earth sinking or shifting, resulting from operations of the Named Insured or any other subcontractor of the Named Insured is excluded.

AGL-011 1/03

If the "Subsidence" exclusion is considered to be part of Plaintiff's insurance policies, it stands to reason that Plaintiff was sold a virtually useless policy.    By    virtue    of    Plaintiff's business alone—Brazos *Site Work*—it is clear that the nature of Plaintiff's work is dirt work for new construction. Movement of foundations and subsidence, is a very common, known issue in the state of Texas. And Brazos Site Work's work is directly involved in the leveling and minimization of earth movement. Coverage for subsidence is something that Brazos Site Work would clearly have expected and needed in a liability policy. If the "Subsidence" exclusion is considered to be part of Brazos Site Work's insurance policies, then Defendants Service Insurance Group, Inc., Mark Cangelose, and Litchfield Special Risks, Inc. were negligent is selling the wrong policies to Plaintiff. Furthermore, Defendant Atlantic Casualty Insurance Company has misinterpreted its own policy provisions because the "Subsidence" exclusion is not applicable to the facts of this case.

If the "Subsidence" exclusion is not part of the Plaintiff's insurance policies, then Defendant Atlantic Casualty Insurance Company has boldly misrepresented the policies to Brazos Site Work by claiming certain non-existent language has a bearing on its decision to deny coverage.

The duty to defend is a separate duty owed by the insurance company and even if Brazos Site Work is not liable to Bluebonnet for its alleged "negligence" in reading the plans and specifications, Atlantic Casualty Insurance Company still owed Brazos Site Work a duty to defend such ridiculous claims. Defendant Atlantic Casualty Insurance Company has wrongfully denied to even investigate or defend Brazos Site Work. Its actions towards Brazos Site Work

reflect a complete lack of good faith in investigation of Bluebonnet's allegations prior to declining to even provide Brazos Site Work with a defense in the Bastrop County lawsuit. Brazos Site Work seeks a determination by this Court that Atlantic Casualty Insurance Company is contractually obligated to provide a defense and coverage to Brazos Site Work for the claims asserted by Bluebonnet. As it stands now, Brazos Site Work is having to pay for its own defense, is potentially liable for $2 million in damages, and the insurance procured for the express purpose of providing coverage for this construction project, appears to be a farce. Even if Brazos Site Work were to prevail in the Bastrop County action, it has expended, and will continue to expend, significant amounts of attorney's fees in defending the action—fees that should have been covered by Atlantic Casualty Insurance Company under its obligation to provide a defense to Brazos Site Work.

V.

**DECLARATORY JUDGMENT**

Pursuant to §37.006 of the Texas Practice & Remedies Code, the other persons or entities that would be affected by the declarations sought herein include Marvin Klintworth d/b/a Brazos Site Work and Defendant Atlantic Casualty Insurance Company and Mark Cangelose and Service Insurance Group, Inc. Brazos Site Work requests that the Court interpret the rights and obligations of the parties with regard to the Atlantic Casualty Insurance Company Policies, Numbered L096000316 and L096000583, and determine the following:

- That the claims made by Bluebonnet Electric Cooperative, Inc. are claims covered under the insurance policies issued by Atlantic Casualty Insurance Company and made the basis of this suit; and

- That Atlantic Casualty Insurance Company must provide a defense for Brazos Site Work with regard to the claims made by Bluebonnet Electric Cooperative, Inc.

## VI.
## BREACH OF CONTRACT

Defendant Atlantic Casualty Insurance Company promised to provide a defense to Brazos Site Work should a suit arise against Brazos Site Work for damages covered by the policies. Brazos Site Work paid premiums in compliance with the policies. However, upon being notified of the lawsuit filed by Bluebonnet, Defendant Atlantic Casualty Insurance Company refused to provide a defense. This refusal constitutes a breach of contract, and Brazos Site Work has suffered injuries and damages as result of that breach.

## VII.
## NEGLIGENCE

Pleading in the alternative, Defendants Mark Cangelose, Service Insurance Group, Inc., and Litchfield Special Risks, Inc.'s conduct constituted a breach of the duty of ordinary care owed by Mark Cangelose, Service Insurance Group, Inc., and Litchfield Special Risks, Inc. to Brazos Site Work, and Mark Cangelose, Service Insurance Group, Inc., and Litchfield Special Risks, Inc. were negligent by failing to properly identify the name of the insured in the applicable policies and, if the "Subsidence" exclusion is considered part of the applicable policies, Mark Cangelose, Service Insurance Group, Inc., and Litchfield Special Risks, Inc. were negligent by failing to offer Plaintiff a policy that did not include a "Subsidence" exclusion or by failing to fully and completely explain such coverage issues.

The above listed act and/or omission rises to the level of negligence and was a proximate cause of Brazos Site Work's damages made the basis of this lawsuit.

## VIII.
## ATTORNEYS FEES

As a result of the controversy between the parties, Brazos Site Work has been required to retain the undersigned legal counsel to institute and prosecute this action. Brazos Site Work is therefore entitled, pursuant to Section 37.009 and §38.001 of the Texas Civil Practice and

Remedies Code and Texas common law, to all reasonable and necessary attorney's fees and costs in prosecuting this action.

## IX.
## CONDITIONS PRECEDENT

All conditions precedent have been performed or have been waived as required by Rule 54 of the Texas Rules of Civil Procedure.

## X.
## REQUEST FOR DISCLOSURE

Brazos Site Work requests that within fifty (50) days of service, Defendants provide the information set forth in Rule 194.2 of the Texas Rules of Civil Procedure.

## XI.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Brazos Site Work serves notice that at any pretrial hearings or at the trial of this lawsuit, Brazos Site Work intends to use and rely upon each document produced by any party in written discovery, pretrial hearings, depositions, or in conjunction with the filing of any motions or pleadings in this lawsuit.

## XII.
## JURY DEMAND

Brazos Site Works respectfully demand a trial by jury on all issues of fact that may exist.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial hereof, declaratory judgment be granted as requested herein; that Plaintiff have and recover all costs and reasonable attorney's fees, and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

PAYNE, MALECHEK, SCHERR, CAMPBELL & MOORE, P.C.

By /s/ Scott J. Scherr
      Scott J. Scherr
      State Bar No. 17745412
      Email: Scherr@thepaynelawgroup.com
      Jason D. Reynal
      State Bar No. 24083725
      Email: Reynal@thepaynelawgroup.com
      3850 Corporate Center Drive
      Bryan, Texas 77802
      979.776.9800
      979.731.8333 (Fax)
      ATTORNEYS FOR PLAINTIFF

Doc 00046558  Bk OR  Vol 5886  Pg 158

**STATE OF TEXAS**  
**COUNTY OF BRAZOS**

KNOW ALL MEN BY THESE PRESENTS:

**PLEASE PRINT**

THAT _____I_____, the undersigned, for the purpose of complying with Chapter 36, Title 4, Business and Commerce Code of the State of Texas, do hereby certify to the following facts:

1. _____Brazos Site Work_____ is the assumed name under which the business or professional services is or is to be conducted or rendered
2. Registrant: _____Melvin Klintworth_____
3. Names and addresses

| Name | Address |
|---|---|
| Melvin Klintworth | 9349 Dilly Shaw TN |
| Title | City | State | Zip |
| owner | Bryan  TX  77808 |

| Name | Address |
|---|---|
| | |
| Title | City | State | Zip |

| Name | Address |
|---|---|
| | |
| Title | City | State | Zip |

Said Company was duly associated under the laws of TEXAS and its registered or similar office address is _____9349 Dilly Shaw TN  Bryan TX  77808_____ County or counties within the State of Texas where the business or professional services are being or are to be conducted or rendered under said assumed name: _____Brazos + surrounding Co._____

4. The business service is a _____construction_____
5. The period, not to exceed ten (10) years, during which the assumed name will be used is from the _25_ day of _Feb._, 20_04_ until the _25_ day of _Feb_, 20_14_.

IN TESTIMONY WHEREOF, _I_ have hereunto set _my_ hand _on_, this the _25_ day of _Feb_, 20_04_.

_Melvin Klintworth_

SWORN TO AND SUBSCRIBED BEFORE ME this _25_ day of _February_, 2004

_Karen Mc Queen-Co Clerk_  
Notary Public State of Texas  
By: _Cynthia Polansky - deputy_

EXHIBIT "A"

Exhibit 2                    ACIC App. 014

Doc 02846558  Bk OR  Vol 5886  Pg 159

SWORN TO AND SUBSCRIBED BEFORE ME this _____ day of _____,
20_____.

_____
Notary Public State of Texas

Filed For Record in:
GRIMES COUNTY

On: Feb 25,2004 at 01:28P

As a
Recordings

Document Number:       00846558
Amount               21.00

Receipt Number - 236329
By:
Sylvia Polansky

STATE OF TEXAS           COUNTY OF TEXAS
I hereby certify that this instrument was
filed on the date and time stamped hereon by me
and was duly recorded in the volume and page
of the named records of:
GRIMES COUNTY
as stamped hereon by me.

Feb 25,2004

HONORABLE DAVID SCHEER, COUNTY CLERK
GRIMES COUNTY

1. The name of your business
2. Indicate whether registrant is: an individual; a
   Partnership;an Estate; a Real Estate Investment Trust; a
   Company; a Corporation.
   If the registrant is:
       a. An individual, full name and address
       b. A Partnership, the venture or partnership name, office
             address, name of each partner and
             address if individuals
       c. An Estate, the name of the estate, address, name of
             representative and address
       d. A Real Estate Investment Trust, name of the trust,
             address of the trust, name of trust manager with
             residence address
       e. A Company, name of company or corporation, state,
             county and office address
       f. A Corporation, name of the corporation as stated in its
             articles, state, county, or jurisdiction, address
3. Insert Names & Titles: individual, general partner, joint
       venture, etc.
       Insert local addresses
4. What type of business or service are your performing
5. Assumed Names are filed for a period of 10 years.

Exhibit 2                    ACIC App. 015

**CLERK OF THE COURT**
Marc Hamlin
300 East 26ᵗʰ Street, Suite 1200
Bryan, TX 77803

**ATTORNEY FOR PLAINTIFF**
SCOTT J. SCHERR
3850 CORPORATE CENTER DRIVE
BRYAN TX 77802

THE STATE OF TEXAS          **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: <u>Atlantic Casualty Insurance Company Through the Texas Commissioner of Insurance, Texas Dept of Insurance who may be served at 333 Guadalupe Street,  Austin, Texas  78701</u>Defendant,
Greeting:

    You are hereby commanded to appear by filing a written answer to the <u>Original Petition</u> at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable <u>272nd District Court</u> of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on <u>June 30, 2017</u> in the case, numbered <u>17-001725-CV-272</u>on the docket of said court, and styled,

<u>Marvin Klintworth d/b/a Brazos Site Work</u>
<u>vs.</u>
<u>Atlantic Casualty Insurance Company, Mark Cangelose Service Insurance Group, Inc., and Litchfield Special Risks, Inc.</u>

    The nature of Plaintiff's demand is fully shown by a true and correct copy of the <u>Original Petition</u> accompanying this citation and made a part thereof.

    The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and sealed of said Court at office, on this the 14th day of July, 2017.

Marc Hamlin
Clerk of Brazos County, Texas

By _____ Deputy

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20___, at _____ o'clock ___.M.
Executed at _____, within the County of _____ at _____ o'clock ___.M. on the _____ day of _____, 20___, by delivering to the within
named_____
_____ each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

    Total fee for serving this citation_____

                                                  Sheriff Account

To certify which witness my hand officially.

                                           No._____

  For Clerk's Use

Taxed_____                   Sheriff of _____ County, Texas
Returned Record_____        By _____ Deputy

Exhibit 3                                                    ACIC App. 016



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

Certified Mail Fee
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage

Atlantic Casualty Insurance Company
Through the Texas Commissioner of
Insurance Texas Dept of Insurance
333 Guadalupe Street
Austin, Texas 78701

Postmark
Here

7016 3560 0000 0250 6316
7016 3560 0000 0250 6316

CERTIFIED MAIL

**RETURN SERVICE REQUESTED**

*Marc Hamlin*
District Clerk
Brazos County
300 E. 26ᵗʰ Street, Suite 1200
Bryan, Texas 77803
Official Business

Atlantic Casualty Insurance Company
Through the Texas Commissioner of
Insurance Texas Dept of Insurance
333 Guadalupe Street
Austin, Texas 78701

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Atlantic Casualty Insurance Company
Through the Texas Commissioner of
Insurance Texas Dept of Insurance
333 Guadalupe Street  17-001 725-CV-272
Austin, Texas 78701    CITY mdh

9590 9402 2607 6336 0190 29

2. Article Number (Transfer from service label)
7016 3560 0000 0282 6316

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

Exhibit 3                                    ACIC App. 017

**CLERK OF THE COURT**
Marc Hamlin
300 East 26th Street, Suite 1200
Bryan, TX 77803

**ATTORNEY FOR PLAINTIFF**
SCOTT J. SCHERR
3850 CORPORATE CENTER DRIVE
BRYAN TX  77802

THE STATE OF TEXAS                **CITATION**
NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: <u>Litchfield Special Risks, Inc. through Registered Agent Robert L Maes who may be served at 7016 Orizaba  El Paso, TX  79912—or wherever he may be found</u> Defendant,
Greeting:  .
    You are hereby commanded to appear by filing a written answer to the <u>Original Petition</u> at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable <u>272nd District Court</u> of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on <u>June 30,2017</u> in the case, numbered <u>17-001725-CV-272</u>on the docket of said court, and styled,

<u>Marvin Klintworth d/b/a Brazos SiteWork</u>
 <u>vs.</u>
<u>Atlantic Casualty Insurance Company,Mark Cangelose Service Insurance Group, Inc., and Litchfield Special Risks, Inc.</u>

    The nature of Plaintiff's demand is fully shown by a true and correct copy of the <u>Original Petition</u> accompanying this citation and made a part thereof.
    The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.
    Issued and given under my hand and seal of said Court at office, on this the 14th day of July, 2017.

Marc Hamlin
Clerk of Brazos County, Texas

By_____ Deputy

**OFFICER'S RETURN**
    Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.
Executed at _____, within the County of _____ at _____ o'clock ____.M. on the
_____ day of _____, 20___, by delivering to the within
named_____
_____each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
    Total fee for serving this citation_____

To certify which witness my hand officially.

Sheriff Account

No._____

For Clerk's Use
Taxed_____
Returned Record_____

Sheriff of _____County, Texas
By _____Deputy

Exhibit 4                                ACIC App. 018

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Litchfield Special Risks, Inc. through
Registered Agent Robert L Maes
7016 Orizaba El Paso, Texas 79912

17-001 725-CV-272 CAT/Aneh

9590 9402 2607 6336 0190 05

2. Article Number (Transfer from service label)

7016 3560 0000 0262 6493

PS Form 3811, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered
☐ Registered Mail Restricted
   Delivery
☐ Return Receipt for
   Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation
   Restricted Delivery

Domestic Return Receipt

Exhibit 4                          ACIC App. 019



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

17-00 F729-QU97L   GD75/21

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt *(hardcopy)*        $ _____
☐ Return Receipt *(electronic)*      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Litchfield Special Risks, Inc. through
Registered Agent Robert L Maes
7016 Orizaba El Paso, Texas 79912

7016 3560 0000 0282 6293
7016 3560 0000 0282 6293

*CERTIFIED MAIL*

*Marc Hamlin*
*District Clerk*
*Brazos County*
300 E. 26th Street, Suite 1200
Bryan, Texas 77803
**Official Business**

**RETURN SERVICE REQUESTED**

Exhibit 4

ACIC App. 020

**CLERK OF THE COURT**
Marc Hamlin
300 East 26th Street, Suite 1200
Bryan, TX 77803

**ATTORNEY FOR PLAINTIFF**
SCOTT J. SCHERR
3850 CORPORATE CENTER DRIVE
BRYAN TX  77802

THE STATE OF TEXAS                      **CITATION**
NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: <u>Service Insurance Group, Inc. through its registered Agent Rodney Hurt who may be served at 3840 Corporate Center Drive  Bryan TX  77802 –or wherever he may be found</u> Defendant,
Greeting:
        You are hereby commanded to appear by filing a written answer to the <u>Original Petition</u> at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable <u>272nd District Court</u> of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on <u>June 30, 2017</u> in the case, numbered <u>17-001725-CV-272</u> on the docket of said court, and styled,

<u>Marvin Klintworth d/b/a Brazos Site Work</u>
vs.
<u>Atlantic Casualty Insurance Company, Mark Cangelose Service Insurance Group, Inc., and Litchfield Special Risks, Inc.</u>

        The nature of Plaintiff's demand is fully shown by a true and correct copy of the <u>Original Petition</u> accompanying this citation and made a part thereof.
        The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.
        Issued and given under my hand and sealed of said Court at office, on this the 14th day of July, 2017.

                            Marc Hamlin
                            Clerk of Brazos County, Texas

                    By _____ Deputy

                    **OFFICER'S RETURN**
        Came to hand on the _____ day of _____, 20____, at _____ o'clock ____ .M.
Executed at _____, within the County of _____ at _____ o'clock ____ .M. on the _____ day of _____, 20____, by delivering to the within
named _____
_____ each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
        Total fee for serving this citation _____

                                            Sheriff Account
        To certify which witness my hand officially.
                                            No. _____
   For Clerk's Use
   Taxed _____                Sheriff of _____ County, Texas
   Returned Record _____       By _____ Deputy

Exhibit 5                                          ACIC App. 021

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Service Insurance Group, Inc. through
its Registered Agent Rodney Hurt
3840 Corporate Center Drive
Bryan, Texas 77802

17-001725-CV-272  CuT/RH

9590 9402 2607 6336 0190 12

2. Article Number (Transfer from service label)

7016 3560 0000 0282 6309

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



Service Insurance Group, Inc. through
its Registered Agent Rodney Hurt
3840 Corporate Center Drive
Bryan, Texas 77802

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

7016 3560 0000 0282 6309
7016 3560 0000 0282 6309

CERTIFIED MAIL



Marc Hamlin
District Clerk
Brazos County
300 E. 26th Street, Suite 1200
Bryan, Texas 77803
Official Business

RETURN SERVICE REQUESTED

Service Insurance Group, Inc. through
its Registered Agent Rodney Hurt
3840 Corporate Center Drive
Bryan, Texas 77802

Exhibit 5                    ACIC App. 022

| | |
|---|---|
| **CLERK OF THE COURT** | **ATTORNEY FOR PLAINTIFF** |
| Marc Hamlin | SCOTT J. SCHERR |
| 300 East 26th Street, Suite 1200 | 3850 CORPORATE CENTER DRIVE |
| Bryan, TX 77803 | BRYAN TX  77802 |

THE STATE OF TEXAS          **CITATION**

NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10.00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: **Mark Cangeloso who may be served at 2751 Nash Street, Suite 100  Bryan TX  77802—or wherever he may be found** Defendant,
Greeting: .

You are hereby commanded to appear by filing a written answer to the **Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **272nd District Court** of Brazos County, Texas at the Courthouse of said County in Bryan, Texas. Said Petition was filed on **June 30, 2017** in the case, numbered **17-001725-CV-272** on the docket of said court, and styled,

**Marvin Klintworth d/b/a Brazos Site Work**
**vs.**
**Atlantic Casualty Insurance Company, Mark Cangelose Service Insurance Group, Inc., and Litchfield Special Risks, Inc.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Original Petition** accompanying this citation and made a part thereof.

The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and sealed of said Court at office, on this the 14th day of July, 2017.

Marc Hamlin
Clerk of Brazos County, Texas

By _____ Deputy

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____ o'clock ____.M.
Executed at _____, within the County of _____ at _____ o'clock ____.M. on the _____ day of _____, 20____, by delivering to the within named _____

_____ each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving this citation_____

To certify which witness my hand officially.

For Clerk's Use

Taxed_____
Returned Record_____

Sheriff Account
No._____

Sheriff of·_____County, Texas
By _____Deputy

Exhibit 6                              ACIC App. 023

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7016 3560 0000 0282 6286
7016 3560 0000 0282 6286

RETURN SERVICE REQUESTED

**Marc Hamlin**
District Clerk
Brazos County
300 E. 26th Street, Suite 1200
Bryan, Texas 77803
Official Business

OFFICE OF THE DISTRICT CLERK

Mark Cangelose
2751 Nash Street, Suite 100
Bryan, Texas 77802

Mark Cangelose
2751 Nash Street, Suite 100
Bryan, Texas 77802

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Certified Mail Fee
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery
Postage
Total Postage & Fees

Postmark
Here

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Cangelose
2751 Nash Street, Suite 100
Bryan, Texas 77802

17-001725-CV-272 CRT/AH

9590 9402 2607 6336 0189 92

2. Article Number (Transfer from service label)

7016 3560 0000 0282 6286

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                              ☐ Agent
                                               ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

Exhibit 6                                              ACIC App. 024

17- 001725 -CV- 272

CIT

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mark Cangelose
2751 Nash Street, Suite 100
Bryan, Texas 77802

17-001725-CV-272

9590 9402 2607 6336 0189 92

2. Article Number (Transfer from service label)

7016 3560 0000 0283 4246

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kylli Dorman ☐ Agent
☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
Kylie Dorman  1-20-17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Exhibit 7                    ACIC App. 025



### Texas Department of Insurance
General Counsel Division (113-2A)
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

Received & Filed 8/4/2017 7:59 AM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 18635457

July 24, 2017

Scott J. Scherr
Payne, Malechek, Scheer, Campbell & Moore
3850 Corporate Center Drive
Bryan, Texas  77802

RE: Cause No.: 17-001725-CV-272; styled *Marvin Klintworth d/b/a Brazos Site Work vs. Atlantic Casualty Insurance Company, Mark Cangelose Service Insurance Group, Inc. and Litchfield Special Risks, Inc.;* in the 272nd Judicial District Court, Brazos County, Texas

Greetings:

On July 21, 2017, the enclosed documents were received in the office of the Commissioner of Insurance for service of process. The documents received are being returned to your office for the reasons indicated below.

**Atlantic Casualty Insurance Company's** mailing address must be noted on the citation. Please refer to the Texas Administrative Code, Title 28, Chapter 7, Rule §7.1414. Enclosed is a company profile.

Pursuant to §804.201(C) of the Texas Insurance Code, there is a fee of $50.00, each time a request for service (including notice/demand/subpoena) is made on the Commissioner of Insurance.

Refer to Chapter 804 of the Texas Insurance Code for service of process information.

Please call me if you have questions.

Sincerely,

*Tish Wilhelm*

**Tish Wilhelm**
General Counsel
tish.wilhelm@tdi.texas.gov
(512) 676-6543

Enclosures

c:  Brazos County District Clerk
    *E-filed*

Exhibit 8                                                                    ACIC App. 026

17-001725.CV-272
CIT



RECEIVED AND FILED
At 9:59 o'clock A M

JUL 2 6 2017

MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy



| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature ☐ Agent ☐ Addressee B. Received by (Printed Name) KiNi Ki Fonville C. Date of Delivery |
| 1. Article Addressed to: Service Insurance Group, Inc. through its Registered Agent Rodney Hurt 3840 Corporate Center Drive Bryan, Texas 77802 17-001725-CV-272  CIT/RH | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |
| 9590 9402 2607 6336 0190 12 | 3. Service Type ☐ Adult Signature ☐ Adult Signature Restricted Delivery ☐ Certified Mail® ☐ Certified Mail Restricted Delivery ☐ Collect on Delivery ☐ Collect on Delivery Restricted Delivery ☐ Insured Mail ☐ Insured Mail Restricted Delivery (over $500) / ☐ Priority Mail Express® ☐ Registered Mail™ ☐ Registered Mail Restricted Delivery ☐ Return Receipt for Merchandise ☐ Signature Confirmation™ ☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label) 7016 3560 0000 0282 6309 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

Exhibit 9                                        ACIC App. 027

17. 00 17 25 - CV · 272

cit

DC │RECEIVED AND FILED
At ___10___ o'clock ___A___ M

JUL 3 1 2017

MARC HAMLIN, DIST CLERK
Brazos County, Texas
By _____ Deputy

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Litchfield Special Risks, Inc. through
Registered Agent Robert L Maes
7016 Orizaba El Paso, Texas 79912



17-001725-CV-272 CIT/mah

9590 9402 2607 6336 0190 05

2. Article Number (Transfer from service label)

7016 3560 0000 0282 6293

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
PATRICIA HEREDIA

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

Exhibit 10

ACIC App. 028

Received & Filed 8/2/2017 11:52 AM
Marc Hamlin, District Clerk
Brazos County, Texas
Jeri Alexander
Envelope# - 18587718

CAUSE NO. 17-001725-CV-272

| | | |
|---|---|---|
| MARVIN KLINTWORTH D/B/A BRAZOS SITE WORK | § § § | IN THE DISTRICT COURT |
| *Plaintiff* | § § | |
| vs. | § § | |
| ATLANTIC CASUALTY INSURANCE COMPANY; MARK CANGELOSE SERVICE INSURANCE GROUP, INC.; AND LITCHFIELD SPECIAL RISKS, INC. | § § § § § § | 272ND JUDICIAL DISTRICT |
| *Defendants* | § § | BRAZOS COUNTY, TEXAS |

### DEFENDANT LITCHFIELD SPECIAL RISKS, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Defendant Litchfield Special Risks, Inc.** ("Defendant") and files its Original Answer to Plaintiff's Original Petition. In support thereof, Defendant respectfully shows the Court the following:

### *I. GENERAL DENIAL*

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies each and every material allegation contained in Plaintiff's Original Petition and any amendments thereto, and demand strict proof thereof by a preponderance of the evidence.

---

## *II: AFFIRMATIVE DEFENSES*

For further answer, if same be necessary, Defendant asserts that any award of pre-judgment interest cannot include, as a matter of law, future damages, if any, awarded to Plaintiff in this matter. Defendant further asserts that the amount of any pre-judgment and post-judgment interest awarded in this case against Defendant if any, is limited as set forth in common law, statute, state and federal constitutions, the Texas Finance Code, and/or the Texas Civil Practice and Remedies Code.

For further answer, if same be necessary, Defendant would show that the damages complained of by Plaintiff were caused by an independent, superseding cause over which Defendant had no control.

For further answer, if same be necessary, Defendant would also show that the damages about which Plaintiff complains are the result, in whole or in part, of the negligence of the plaintiff, and/or the negligence of other individuals and/or entities over whom Defendant had no control.

For further answer, if same be necessary, Defendant would further show that Plaintiff failed to mitigate its damages.

For further answer, if same be necessary, Defendant denies any alleged act or omission under the circumstances herein which may justify any claim for exemplary or punitive damages.

For further answer if same be necessary, Defendant asserts that Plaintiff's breach of contract claims are barred by the Plaintiff's prior breach, Plaintiff's failure to disclose

important information, lack of consideration, impossibility of performance, laches, unclean hands, waiver, estoppel, interference by third parties and the doctrine of accord and satisfaction.

For further answer if same be necessary, Defendant asserts that no contract existed between Plaintiff and Defendant.

For further answer if same be necessary, Plaintiff failed to comply with the terms and conditions of any policy that may have afforded coverage Plaintiff.

For further answer if same be necessary, Defendant claims all rights of contribution and indemnification.

For further answer if same be necessary, Defendant owes no duty to Plaintiff.

### III: NOTICES

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby places the parties to this suit on notice of their intent to use all documents produced by the parties in response to written discovery in all pretrial proceedings and/or at trial of the above-entitled and numbered cause.

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Defendant hereby places the parties to this suit on notice of their intent to use evidence of criminal convictions, if any, at trial of the above-entitled and numbered cause.

### IV: JURY DEMAND

Defendant respectfully demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Plaintiff take nothing by his suit, that Defendant recover all costs, and for such other and further relief, both at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

By: *Brian Bradigan*
_____
**BRIAN J. BRADIGAN**
State Bar No. 24099083
*brian@hermes-law.com*
**RYAN BROWN**
State Bar No. 24094567
ryan@hermes-law.com

**HERMES LAW, P.C.**
  2001 N. Lamar Street, Suite 450
  Oilwell Supply Building
  Dallas, Texas 75202
  (214) 749-6800
  (214) 749-6801 (Fax)

  **ATTORNEYS FOR DEFENDANT**
  **LITCHFIELD SPECIAL RISKS, INC.**

## CERTIFICATE OF SERVICE

   The undersigned certifies that on the 2nd day of August, 2017, a true and correct copy of the foregoing document was forwarded via e-filing and/or facsimile to the following counsel of record:

Scott J. Scherr
Jason D. Reynal
PAYNE, MALECHEK, SCHERR,
CAMPBELL & MOORE, P.C.
3850 Corporate Center Dr.
Bryan, Texas 77802

   *Counsel for Plaintiff*

         *Brian Bradigan*
       _____
       **BRIAN J. BRADIGAN**

**CLERK OF THE COURT**
Marc Hamlin
300 East 26th Street, Suite 1200
Bryan, TX 77803

**ATTORNEY FOR PLAINTIFF**
SCOTT J. SCHERR
3850 CORPORATE CENTER DRIVE
BRYAN TX  77802

THE STATE OF TEXAS             **CITATION**
NOTICE TO THE DEFENDANT: "You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

To: Atlantic Casualty Insurance Company--PO Drawer 8010,Goldsboro, NC 27533-8010 Through the Texas Commissioner of Insurance, Texas Dept of Insurance who may be served at 333 Guadalupe Street, Austin Texas 78701 Defendant,
Greeting:
      You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **272nd District Court** of Brazos County, Texas at the Courthouse of said County in Bryan, Texas.  Said Petition was filed on **JUNE 30,2017** in the case, numbered **17-001725-CV-272**on the docket of said court, and styled;

Marvin Klintworth d/b/a Brazos Site Work
 vs.
Atlantic Casualty Insurance Comapny,Mark Cangelose Service Insurance Group, Inc., and Litchfield Special Risks, Inc.

     The nature of Plaintiff's demand is fully shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part thereof.
     The officer executing the writ shall promptly serve the same according to requirements of the law, and the mandates thereof, and make due return as the law directs.
     Issued and given under my hand and sealed of said Court at office, on this the 9th day of August, 2017.

                          Marc Hamlin
                     Clerk of Brazos County, Texas

                 By _____  Deputy

                      **OFFICER'S RETURN**
        Came to hand on the _____ day of _____, 20___, at _____ o'clock ___.M.
Executed at _____, within the County of _____ at _____ o'clock ___.M. on the
_____ day of _____, 20___, by delivering to the within
named_____
_____each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
           Total fee for serving this citation_____

       To certify which witness my hand officially.                    **Sheriff Account**

                                                                No._____
        For Clerk's Use
        Taxed_____                Sheriff of _____ County, Texas
        Returned Record_____        By _____ Deputy

Exhibit 12                    ACIC App. 034

Received & Filed 8/9/2017 11:27 AM
Marc Hamlin, District Clerk
Brazos County, Texas
Jeri Alexander
Envelope# - 18730301

### CAUSE NO. 17-001725-CV-272

| | | |
|---|---|---|
| MARVIN KLINTWORTH D/B/A<br>BRAZOS SITE WORK | § § § | IN THE DISTRICT COURT |
| *Plaintiff* | § § | |
| vs. | § § | |
| ATLANTIC CASUALTY INSURANCE<br>COMPANY; MARK CANGELOSE<br>SERVICE INSURANCE GROUP, INC.;<br>AND LITCHFIELD SPECIAL RISKS,<br>INC. | § § § § § § | 272ND JUDICIAL DISTRICT |
| *Defendants* | § | BRAZOS COUNTY, TEXAS |

### DEFENDANT LITCHFIELD SPECIAL RISKS, INC.'S
### AMENDED ANSWER TO PLAINTIFF'S THIRD AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **Litchfield Special Risks, Inc.** ("Defendant") and files its

Amended Answer to Plaintiff's Third Amended Petition. In support thereof, Defendant

respectfully shows the Court the following:

### I: GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies each and

every material allegation contained in Plaintiff's Original Petition and any amendments

thereto, and demand strict proof thereof by a preponderance of the evidence.

### II: AFFIRMATIVE DEFENSES

For further answer, if same be necessary, Defendant asserts that any award of pre-

judgment interest cannot include, as a matter of law, future damages, if any, awarded to

Plaintiff in this matter. Defendant further asserts that the amount of any pre-judgment and

post-judgment interest awarded in this case against Defendant if any, is limited as set forth in

common law, statute, state and federal constitutions, the Texas Finance Code, and/or the Texas Civil Practice and Remedies Code.

For further answer, if same be necessary, Defendant would show that the damages complained of by Plaintiff were caused by an independent, superseding cause over which Defendant had no control.

For further answer, if same be necessary, Defendant would also show that the damages about which Plaintiff complains are the result, in whole or in part, of the negligence of the plaintiff, and/or the negligence of other individuals and/or entities over whom Defendant had no control.

For further answer, if same be necessary, Defendant would further show that Plaintiff failed to mitigate its damages.

For further answer, if same be necessary, Defendant denies any alleged act or omission under the circumstances herein which may justify any claim for exemplary or punitive damages.

For further answer if same be necessary, Defendant asserts that Plaintiff's breach of contract claims are barred by the Plaintiff's prior breach, Plaintiff's failure to disclose important information, lack of consideration, impossibility of performance, laches, unclean hands, waiver, estoppel, interference by third parties and the doctrine of accord and satisfaction.

For further answer if same be necessary, Defendant asserts that no contract existed between Plaintiff and Defendant.

Exhibit 13                          ACIC App. 036

For further answer if same be necessary, Plaintiff failed to comply with the terms and conditions of any policy that may have afforded coverage Plaintiff.

For further answer if same be necessary, Defendant claims all rights of contribution and indemnification.

For further answer if same be necessary, Defendant owes no duty to Plaintiff.

For further answer if same be necessary, as to this answering Defendant, this action was not commenced within the time limited for the filing of such an action.

## III: NOTICES

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby places the parties to this suit on notice of their intent to use all documents produced by the parties in response to written discovery in all pretrial proceedings and/or at trial of the above-entitled and numbered cause.

Pursuant to Rule 609(f) of the Texas Rules of Evidence, Defendant hereby places the parties to this suit on notice of their intent to use evidence of criminal convictions, if any, at trial of the above-entitled and numbered cause.

## IV: JURY DEMAND

Defendant respectfully demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that Plaintiff take nothing by his suit, that Defendant recover all costs, and for such other and further relief, both at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

By:  *Brian Bradigan*
_____

**BRIAN J. BRADIGAN**
State Bar No. 24099083
*brian@hermes-law.com*
**RYAN BROWN**
State Bar No. 24094567
*ryan@hermes-law.com*

HERMES LAW, P.C.
2001 N. Lamar Street, Suite 450
Oilwell Supply Building
Dallas, Texas 75202
(214) 749-6800
(214) 749-6801 (Fax)

**ATTORNEYS FOR DEFENDANT
LITCHFIELD SPECIAL RISKS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of August, 2017, a true and correct copy of the foregoing document was forwarded via e-filing and/or facsimile to the following counsel of record:

Scott J. Scherr
Jason D. Reynal
PAYNE, MALECHEK, SCHERR,
CAMPBELL & MOORE, P.C.
3850 Corporate Center Dr.
Bryan, Texas 77802

*Counsel for Plaintiff*

*Brian Bradigan*
_____

**BRIAN J. BRADIGAN**

Received & Filed 8/14/2017 10:15 AM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 18813253

CAUSE NO. 17-001725-CV-272

| | | |
|---|---|---|
| **MARVIN KLINTWORTH D/B/A,** | § | **IN THE DISTRICT COURT OF** |
| **BRAZOS SITE WORK** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **VS.** | § | **272ND JUDICIAL DISTRICT** |
| | § | |
| **ATLANTIC CASUALTY INSURANCE** | § | |
| **COMPANY, MARK CANGELOSE** | § | |
| **SERVICE INSURANCE GROUP, INC.** | § | |
| **AND LITCHFIELD SPECIAL RISKS,** | § | |
| **INC.** | § | |
| | § | |
| **DEFENDANTS.** | § | **BRAZOS COUNTY, TEXAS** |

## DEFENDANT SERVICE INSURANCE GROUP, INC.'S ANSWER AND PLEA TO THE JURISDICTION TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW DEFENDANT SERVICE INSURANCE GROUP, INC. ("Defendant SIG, Inc.") filing its Answer and Plea to the Jurisdiction in response to Plaintiff's Original Petition.

### I. GENERAL DENIAL

1.     Defendant SIG, Inc. denies, generally and specifically, each and every, all and singular, the allegations in Plaintiff's Original Petition. Defendant SIG, Inc. requires Plaintiff to prove its causes of action by a preponderance of the evidence.

### II. PLEA TO THE JURISDICTION

2.     Defendant SIG, Inc. asks the Court to dismiss Plaintiff's suit because of lack of jurisdiction. The matter is not ripe and is pre-mature.

Defendant Service Insurance Group, Inc.'s Answer and Plea to Jurisdiction          Page 1

Exhibit 14          ACIC App. 039

3.      Moreover, the Court lacks jurisdiction because there is no justiciable issue against Defendant SIG, Inc.  Most simply stated, SIG, Inc. bears no responsibility for business contracts managed by Defendant Mark Cangelose.[1]

4.      Defendant SIG, Inc. denies that it is liable in the capacity in which it is sued.

5.      Defendant SIG, Inc. reserves the right to further amend and/or supplement this Answer at a future date, as is its right under the Texas Rules of Civil Procedure.

## III. PRAYER

**WHEREFORE**, premises considered, Defendant SIG, Inc. prays that judgment be granted in its favor and against Plaintiff in all respects, such that Plaintiff take nothing, and that these causes of action against Service Insurance Group, Inc. be dismissed in total, with full prejudice, and at Plaintiff's cost.

Respectfully submitted,

**THE MYERS LAW GROUP, L.L.P.**

By: /s/  Angella H. Myers
      **Angella H. Myers**
      **State Bar No. 24027229**
      amyers@myerslawllp.com

      8144 Walnut Hill Lane, Suite 390
      Dallas, Texas  75231
      Telephone:  (972) 781-2400
      Facsimile:  (972) 781-2401

**ATTORNEYS FOR DEFENDANT**
**Service Insurance Group, Inc.**

---

[1] Defendant Cangelose is an agent with SIG Insurance Services, LLC.  (See Exhibit A attached.)

Defendant Service Insurance Group, Inc.'s Answer and Plea to Jurisdiction          Page 2

Exhibit 14          ACIC App. 040

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant SIG, Inc.'s Answer and Plea to the Jurisdiction were served to counsel for all parties by electronic filing and service on this 14th day of August, 2017.

/s/  Angella H. Myers
Angella H. Myers

Exhibit 14                                ACIC App. 041

8/14/2017                                    Welcome - My ASP.NET MVC Application



Log in

## SIG
**Insurance Services**

Growing Relationships,
one client at a time!

**ABOUT US**
Home
History
Press Releases
Personnel
Affiliate

**SERVICES**
Find Your Agent
Coverages
Companies

**STRATEGY**
Business Plan
Producers
Insurance Markets
Technology
Streamlined Functions
Centralized Operations

# SIG Insurance Services Corporate Headquarters
## Bryan

Angie Beauchamp Estlund  Agent
979.703.4421 ext. 109
979.213.0703
Mark Cangelose  Agent
979.731.8180
979.219.1762
Calvin Daughtry  Agent
979.703.4421 ext. 103
Ross Eller  Agent
979.703.4421 ext. 112
979.777.8690
Cameron Hicks  Agent
979.703.4421 ext. 133
Michael Miller  Agent
512.518.3243
512.626.4543
Louie Mallernee  Agent
512.323.8030

**SIG Insurance Services Corporate Headquarters**
2751 Nash Street
Suite 100
Bryan, TX 77802

**Phone 979.703.4421**
**Fax 979.703.4426**

© Copyright 2014 - SIG Insurance Services, LLC

Exhibit A

Exhibit 14                                    ACIC App. 042

Received & Filed 8/14/2017 4:04 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 18830191

Cause No. 17-001725-CV-272

| | | |
|---|---|---|
| **MARVIN KLINTWORTH D/B/A** | § | **IN THE DISTRICT COURT OF** |
| **BRAZOS SITE WORK,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **BRAZOS COUNTY, TEXAS** |
| | § | |
| **ATLANTIC CASUALTY INSURANCE** | § | |
| **COMPANY, MARK CANGELOSE,** | § | |
| **SERVICE INSURANCE GROUP, INC.,** | § | |
| **AND LITCHFIELD SPECIAL RISKS,** | § | |
| **INC.** | § | |
| **Defendants.** | § | **272ND JUDICIAL DISTRICT** |

## DEFENDANT MARK CANGELOSE'S ORIGINAL ANSWER

COME NOW, Defendant Mark Cangelose ("Defendants") and files his Original Answer to Plaintiff's Original Petition and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition and since they are allegations of fact, demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

WHEREFORE, Defendant Mark Cangelose prays that upon trial and hearing hereof, Plaintiff recovers nothing from him, that Defendant recovers all costs of court, and that Defendant be awarded his attorneys' fees and such other and further relief at law or in equity to which he may be justly entitled.

Exhibit 15

ACIC App. 043

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:     /s/ Thomas A. Culpepper
          Thomas A. Culpepper
          State Bar No. 05215650
          tculpepper@thompsoncoe.com
          Dirrell S. Jones
          State Bar No. 24071306
          dirrell.jones@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
**Counsel For Defendant Mark Cangelose**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2017, a true and correct copy of the foregoing document was served via certified mail, return receipt requested, on the following:

Scott J. Scherr
Jason D. Reynal
Payne, Malechek, Scherr, Campbell & Moore, P.C.
3850 Corporate Center Drive
Bryan, Texas 77802
(979) 776-9800
(979) 731-8333 [Fax]
Scherr@thepaynelawgroup.com
Reynal@thepaynelawgroup.com
**Attorneys for Plaintiff Marvin**
**Klintworth d/b/a Brazos Site Work**

Brian J. Bradigan
Ryan Brown
Hermes Law, P.C.
2001 N. Lamar Street, Suite 450
Dallas, Texas 75202
(214) 749-6800
(214) 749-6801 [Fax]
brian@hermes-law.com
ryan@hermes-law.com
**Attorneys For Defendant**
**Litchfield Special Risks, Inc.**

Angella H. Myers
The Myers Law Group, L.L.P.
8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231
(972) 781-2400
(972) 781-2401 [Fax]
amyers@myerslawllp.com
**Attorneys for Defendant**
**Service Insurance Group, Inc.**

                  /s/ Thomas A. Culpepper
                    Thomas A. Culpepper

Received & Filed 9/11/2017 9:18 AM
Marc Hamlin, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 19335856

CAUSE NO. 17-001725-CV-272

| | | |
|---|---|---|
| MARVIN KLINTWORTH d/b/a BRAZOS SITE WORK, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | 272ND JUDICIAL DISTRICT |
| ATLANTIC CASUALTY INSURANCE COMPANY, MARK CANGELOSE, SERVICE INSURANCE GROUP, INC., AND LITCHFIELD SPECIAL RISKS, INC., | § § § § § § | |
| Defendants. | § | BRAZOS COUNTY, TEXAS |

### DEFENDANT ATLANTIC CASUALTY INSURANCE COMPANY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

     Defendant, Atlantic Casualty Insurance Company (Atlantic Casualty), files its Original Answer to Plaintiff's most recent petition, and respectfully shows the Court as follows:

### I.
### GENERAL DENIAL

    1.    Atlantic Casualty generally denies each and every material allegation contained in Plaintiff's most recent petition.

### II.
### SPECIFIC DENIALS & AFFIRMATIVE DEFENSES

    2.    Atlantic Casualty submits that Plaintiff does not have standing to sue Atlantic Casualty for breach of contract.  Plaintiff is not an insured under the Atlantic Casualty policy and there is no contractual relationship between Plaintiff and Atlantic Casualty.

ATLANTIC CASUALTY'S ORIGINAL ANSWER – PAGE 1

3.      Atlantic Casualty submits that the underlying lawsuit for which Plaintiff seeks defense and indemnity involves an alleged claim falling outside the applicable policy period(s) for which there is no coverage.

4.      By way of further answer, if such is necessary, Atlantic Casualty would show that there is no coverage for Plaintiff because the terms of the policy establish that he is not an insured.  Atlantic Casualty issued policy L096000583-0, effective January 25, 2005 to January 25, 2006, to named insured Brian Klintworth d/b/a Brazos Site Work (classified as an "individual") (hereinafter, the Atlantic Casualty Policy).   Brian Klintworth was also the applicant.  The Atlantic Casualty Policy states:

> **SECTION II – WHO IS AN INSURED**
>
> 1.      *If you are designated in the Declarations as:*
>     a.      *An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.*
>
> * * *
>
> *No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.*
>
> *CG 00 01 10 01  p. 9-10 of 16*

5.      By way of further answer, if such is necessary, Atlantic Casualty would show that there is no coverage under the Atlantic Casualty Policy for the defense or indemnity sought by Plaintiff in this action.  In support thereof, Atlantic Casualty specifically alleges that the loss was due to a risk or cause coming within a particular exclusion or limitation.  The Atlantic Casualty Policy contains the following business risk exclusions applicable to the underlying claim:

> **2. Exclusions**
> *This insurance does not apply to:*
> **\*\*\***

ATLANTIC CASUALTY'S ORIGINAL ANSWER – PAGE 2

Exhibit 16                                    ACIC App. 046

**b. Contractual Liability**

*"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*

   *(1) That the insured would have in the absence of the contract or agreement; or*

   *(2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:*

      *(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and*

      *(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.*

**j. Damage To Property**

*"Property damage" to:*

   *(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;*

   *(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;*

   *(3) Property loaned to you;*

   *(4) Personal property in the care, custody or control of the insured;*

   *(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or*

   *(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.*

*Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises,*

Exhibit 16                                              ACIC App. 047

*including the contents of such premises, rented to you for a period of 7 or fewer consecutive days. A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III - Limits Of Insurance.*

*Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.*

*Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.*

*Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".*

**k.  Damage To Your Product**
*"Property damage" to "your product" arising out of it or any part of it.*

**l.  Damage To Your Work**
*"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".*

*This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.*

**m. Damage To Impaired Property Or Property Not Physically Injured**
*"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*
*(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*
*(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*
*This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.*

**n.  Recall Of Products, Work Or Impaired Property**
*Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:*

*(1) "Your product";*
*(2) "Your work"; or*

Exhibit 16

(3) "Impaired property";

*if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.*

6.     By way of further answer, if such is necessary, Atlantic Casualty would show that there is no coverage under the Atlantic Casualty Policy for defense or indemnity sought by Plaintiff in this action. In support thereof, Atlantic Casualty specifically alleges that the loss was due to a risk or cause coming within a particular exclusion or limitation. The Atlantic Casualty Policy contains the following applicable or potentially applicable endorsements:

### EXCLUSION—SUBSIDENCE

*In consideration of the premium charged, it is hereby understood and agreed that liability for bodily injury or property damage caused by, resulting from, attributable to or contributed to, or aggravated by the subsidence of land as a result of landslide, mud flow, earth sinking or shifting, resulting from operations of the Named Insured or any other subcontractor of the Named Insured is excluded.*

*AGL-011 1/03*

\*\*\*

### EXCLUSION—ASSAULT AND BATTERY

\*\*\*

3.    *Exclusion 2.a. of the Commercial General Liability Coverage Form is deleted in its entirety and replaced by the following: [This insurance does not apply to:]*

    *(a)    "bodily injury" or "property damage" expected or intended from the standpoint of any insured.*

*AGL-046 1/03*

\*\*\*

ATLANTIC CASUALTY'S ORIGINAL ANSWER – PAGE 5

### EXCLUSION – INDEPENDENT CONTRACTORS/SUBCONTRACTORS

*You or any insured are not covered for claims, loss, costs or expense arising out of the actions of independent contractors/subcontractors for or on behalf of any insured.*

**AGL-005 1/03**

\*\*\*

### LIMITATION – DUTY TO DEFEND

*Where there is no coverage under this policy, there is no duty to defend any insured.*

**AGL-056 1/03**

7.     By way of further answer, if such is necessary, Atlantic Casualty will show that pursuant to the coverage terms cited herein, Plaintiff was not entitled to defense or indemnity from Atlantic Casualty for the underlying lawsuit, and Atlantic Casualty did not breach the insurance contract as a matter of law.

### III.
### FURTHER DENIALS

8.     In the alternative, and without waving the foregoing, Atlantic Casualty will show that the incident at issue and Plaintiff's alleged damages, if any, were caused in whole or in part, by the acts and/or omissions of Plaintiff and/or third parties beyond the control of Atlantic Casualty and for which Atlantic Casualty is not legally liable, and that such acts and/or omissions were an independent and intervening cause of the incident and/or the sole cause of the incident.

9.     In the alternative, and without waiving the foregoing, Atlantic Casualty hereby claims its right to a credit, proportionate reduction, and/or offset for any settlement which might be reached between Plaintiff and any named or unnamed party, but reserves its right to elect to

Exhibit 16

ACIC App. 050

take a credit for same or to submit the relative fault of same for contribution or credit purposes at an appropriate time.

10.     In the alternative and without waiving the foregoing, Atlantic Casualty hereby asserts reliance upon all provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

11.     Pursuant to Rule 193.7, Atlantic Casualty intends to use all documents produced by any party to this litigation at trial, arbitration, or any other hearing or proceeding.

12.     In the alternative, and without waiving the foregoing, Atlantic Casualty affirmatively pleads that the calculation of post-judgment interest is governed by TEX. FIN. CODE §304.003(c).

## IV.
## CONCLUSION

FOR THESE REASONS, Atlantic Casualty prays that Plaintiff takes nothing by way of this suit, that it be awarded its costs and attorneys' fees, and for such other and further relief, in law or equity, to which it may be entitled.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON,
MCGARR, KAMINSKI & SHIRLEY, L.L.P.

By: *Camille Johnson*

Camille Johnson, attorney-in-charge
State Bar No. 10686600
Allison Griswold
State Bar No. 24074320
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
Phone: (214) 368-1515
Fax: (214) 292-9647

Exhibit 16                    ACIC App. 051

Email: camille@ssjmlaw.com
Email: allison@ssjmlaw.com

*ATTORNEYS FOR ATLANTIC CASUALTY*
*INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record were served with the above-entitled pleading via electronic service on September 11, 2017, in accordance with the Texas Rules of Civil Procedure.

Scott J. Scherr
Jason D. Reynal
PAYNE, MALECHEK, SCHERR, CAMPBELL & MOORE, P.C.
3850 Corporate Center Drive
Bryan, Texas 77802
***Counsel for Plaintiff Marvin Klintworth d/b/a Brazos Site Work***

Brian J. Bradigan
Ryan Brown
HERMES LAW, P.C.
2001 N. Lamar Street, Suite 450
Dallas, Texas 75202
***Counsel For Defendant Litchfield Special Risks, Inc.***

Thomas Culpepper
Dirrell S. Jones
THOMPSON COE COUSINS & IRONS, L.L.P.
The Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201
***Counsel for Defendant Mark Cangelose***

Angella H. Myers
THE MYERS LAW GROUP, L.L.P.
8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231
***Counsel for Defendant Service Insurance Group, Inc.***

Camille Johnson
_____
Camille Johnson

ATLANTIC CASUALTY'S ORIGINAL ANSWER – PAGE 8

Exhibit 16                                    ACIC App. 052

Received & Filed 9/19/2017 3:14 PM
Marc Hamlin, District Clerk
Brazos County, Texas
Makayla Higgins
Envelope# - 19531385

Cause No. 17-001725-CV-272

| | | |
|---|---|---|
| **MARVIN KLINTWORTH D/B/A** | § | **IN THE DISTRICT COURT OF** |
| **BRAZOS SITE WORK,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **BRAZOS COUNTY, TEXAS** |
| | § | |
| **ATLANTIC CASUALTY INSURANCE** | § | |
| **COMPANY, MARK CANGELOSE,** | § | |
| **SERVICE INSURANCE GROUP, INC.,** | § | |
| **AND LITCHFIELD SPECIAL RISKS,** | § | |
| **INC.** | § | |
| **Defendants.** | § | **272ND JUDICIAL DISTRICT** |

## DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendant Mark Cangelose ("Defendant") and files his *First Amended Original Answer and Affirmative Defenses* and would respectfully show the Court as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained in *Plaintiff's Original Petition* and since they are allegations of fact, demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing, Defendant asserts the following Affirmative Defenses should same be necessary:

1.     In the alternative, and without waiver of any other defense, Defendant asserts the affirmative defense of statute of limitations and/or statute of repose. Defendant would show that Plaintiff's claims are barred, in whole or in part, by any and all applicable statute(s) of limitations and/or statute(s) of repose.

2.      In the alternative, and without waiver of any other defense, Defendant asserts that Plaintiff's claims are barred because of its own sole, comparative, contributory and/or proportionate responsibility.

3.      In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff's claims are barred by the doctrine of instruction, consent, direction, ratification and/or agreement.

4.      In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff's damages, if any, are unrelated to any act, error or omission of Defendant and Defendant's actions are not the proximate and/or producing cause of any alleged damages.

5.      In the alternative, and without waiver of any other defense, Defendant pleads that some or all of Plaintiff's claims are barred by the Texas Civil Practice and Remedies Code §33.001 because Plaintiff's responsibility for the alleged damages, if any, is greater than 50 percent. Pursuant to Texas Civil Practice and Remedies Code §33.003, Defendant request the trier of fact determine as to each cause of action asserted the percentage of responsibility of each party to the action.

6.      In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff is estopped from denying or disputing the parties, terms, provisions, conditions and coverage provided by the valid and fully executed insurance policies issued by Defendant Atlantic Casualty Insurance Company "Atlantic."

7.      In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff is responsible for knowing, and is charged with full knowledge of all terms, conditions, exclusions and provisions of its insurance policy.

8.     By way of an affirmative defense to Plaintiff's statutory and common law tort claims, Defendant pleads that Plaintiff failed to exercise the appropriate degree of care in obtaining the appropriate insurance coverage, and such failure constitutes negligence which was a proximate, producing, contributing, or sole proximate cause of the alleged damages, if any, Plaintiff alleges he suffered. Plaintiff's tort claims are barred in whole or in part, or should be reduced, due to the negligence and comparative responsibility of Plaintiff, as it was Plaintiff's own failure to use due and reasonable care to provide accurate information. Moreover, any alleged reliance by Plaintiff is also deemed unreasonable because of Plaintiff's comparative fault.

9.     In the alternative, and without waiver of any other defense, Defendant pleads that the damages sought by this lawsuit against Defendant, were, in whole or in part, caused by the neglect and/or intentional and/or omissions of third person(s) over whom Defendant had no duty to exercise control or whom acted without permission or authority from Defendant. These third person(s)' actions and/or omissions were the sole proximate cause, sole producing cause, proximate cause or a cause of the injuries and damages alleged by Plaintiff.

10.     In the alternative, and without waiver of any other defense, Defendant further affirmatively pleads that, after Plaintiff's representatives allegedly requested the policy provisions made the basis of this lawsuit and prior to the date of loss made the basis of this lawsuit, Plaintiff disclaimed any reliance on prior representations and Plaintiff waived its complaints regarding the coverage[s], alleged lack of coverage[s], and/or alleged representations by purchasing new policies and/or renewing its policy multiple times without further complaint or request for changes.

Exhibit 17                          ACIC App. 055

11.     In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff's claims are barred by the defense of quasi-estoppel because Plaintiff accepted multiple renewal policies and an entirely new policy issued by Atlantic which did not provide property coverage for the arena after the date on which Plaintiff allegedly requested coverage for the arena.

12.     In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff's claims for pre-judgment interest are subject to the dates and amounts set forth by statute, including but not limited to, Texas Financial Code, Chapter 304.

13.     Defendants further affirmatively plead that in the unlikely event they are held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, et. seq. of the Texas Civil Practices and Remedies Code, or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code.

14.     Defendants affirmatively plead that Plaintiff cannot recover attorney fees for the claims against Defendants under Chapter 38, Section 38.002, of the Texas Civil Practice & Remedies Code.

15.     Subject to these defenses, Defendants demands strict proof by a preponderance of evidence.

### III.
### PRAYER

WHEREFORE, Defendant Mark Cangelose prays that upon trial and hearing hereof, Plaintiff recovers nothing from him, that Defendant recovers all costs of court, and that Defendant be awarded their attorneys' fees and such other and further relief at law or in equity to which they may be justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By:   /s/ Thomas A. Culpepper
        Thomas A. Culpepper
        State Bar No. 05215650
        tculpepper@thompsoncoe.com
        Dirrell S. Jones
        State Bar No. 24071306
        dirrell.jones@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
**Counsel For Defendant Mark Cangelose**

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2017, a true and correct copy of the foregoing document was served via certified mail, return receipt requested, on the following:

Scott J. Scherr
Jason D. Reynal
Payne, Malechek, Scherr,
   Campbell & Moore, P.C.
3850 Corporate Center Drive
Bryan, Texas 77802
(979) 776-9800
(979) 731-8333 [Fax]
Scherr@thepaynelawgroup.com
Reynal@thepaynelawgroup.com
**Attorneys for Plaintiff Marvin
Klintworth d/b/a Brazos Site Work**

Brian J. Bradigan
Ryan Brown
Hermes Law, P.C.
2001 N. Lamar Street, Suite 450
Dallas, Texas 75202
(214) 749-6800
(214) 749-6801 [Fax]
brian@hermes-law.com
ryan@hermes-law.com
**Attorneys For Defendant
Litchfield Special Risks, Inc.**

Camille Johnson
Allison Griswold
Savrick, Schumann, Johnson, McGarr,
   Kaminski &Shirley, L.L.P.
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
(214) 368-1515
(214) 292-9647 [Fax]
camille@ssjmlaw.com
allison@ssjmlaw.com
**Attorneys for Defendant
Atlantic Casualty Insurance**

Angella H. Myers
The Myers Law Group, L.L.P.
8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231
(972) 781-2400
(972) 781-2401 [Fax]
amyers@myerslawllp.com
**Attorneys For Defendant
Service Insurance Group, Inc.**

 

        /s/ Thomas A. Culpepper
          Thomas A. Culpepper

Received & Filed 9/20/2017 9:03 AM
Marc Hamlin, District Clerk
Brazos County, Texas
Makayla Higgins
Envelope# - 19542841

CAUSE NO. 17-001725-CV-272

| | | |
|---|---|---|
| MARVIN KLINTWORTH D/B/A,<br>BRAZOS SITE WORK | § § § | IN THE DISTRICT COURT OF |
| PLAINTIFF, | § § | |
| VS. | § § | 272ND JUDICIAL DISTRICT |
| ATLANTIC CASUALTY INSURANCE<br>COMPANY, MARK CANGELOSE<br>SERVICE INSURANCE GROUP, INC.<br>AND LITCHFIELD SPECIAL RISKS,<br>INC. | § § § § § § | |
| DEFENDANTS. | § | BRAZOS COUNTY, TEXAS |

**DEFENDANT SERVICE INSURANCE GROUP, INC.'S FIRST AMENDED ANSWER,
PLEA TO THE JURISDICTION AND AFFIRMATIVE DEFENSES**

COMES NOW DEFENDANT SERVICE INSURANCE GROUP, INC. ("Defendant SIG, Inc.") filing its First Amended Answer, Plea to the Jurisdiction and Affirmative Defenses in response to Plaintiff's Original Petition.

**I. GENERAL DENIAL**

1.     Defendant SIG, Inc. denies, generally and specifically, each and every, all and singular, the allegations in Plaintiff's Original Petition. Defendant SIG, Inc. requires Plaintiff to prove its causes of action by a preponderance of the evidence.

**II. PLEA TO THE JURISDICTION**

2.     Defendant SIG, Inc. asks the Court to dismiss Plaintiff's suit because of lack of jurisdiction. The matter is not ripe and is pre-mature.

Exhibit 18                              ACIC App. 059

3.      Moreover, the Court lacks jurisdiction because there is no justiciable issue against Defendant SIG, Inc.  Most simply stated, SIG, Inc. bears no responsibility for business contracts managed by Defendant Mark Cangelose.[1]

4.      Defendant SIG, Inc. denies that it is liable in the capacity in which it is sued.

5.      Defendant SIG, Inc. reserves the right to further amend and/or supplement this Answer at a future date, as is its right under the Texas Rules of Civil Procedure.

## III. AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing, Defendant asserts the following Affirmative Defenses should same be necessary:

### FIRST AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant asserts the affirmative defense of statute of limitations and/or statute of repose.  Defendant would show that Plaintiff's claims are barred, in whole or in part, by any and all applicable statute(s) of limitations and/or statute(s) of repose.

### SECOND AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant asserts that Plaintiff's claims are barred because of its own sole, comparative, contributory and/or proportionate responsibility.

### THIRD AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff's claims are barred by the doctrine of instruction, consent, direction, ratification and/or agreement.

---

[1] Defendant Cangelose is an agent with SIG Insurance Services, LLC.

Defendant Service Insurance Group, Inc.'s First Amended Answer                Page 2

Exhibit 18                        ACIC App. 060

## FOURTH AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff's damages, if any, are unrelated to any act, error or omission of Defendant and Defendant's actions are not the proximate and/or producing cause of any alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant pleads that some or all of Plaintiff's claims are barred by the Texas Civil Practice and Remedies Code §33.001 because Plaintiff's responsibility for the alleged damages, if any, is greater than 50 percent. Pursuant to Texas Civil Practice and Remedies Code §33.003, Defendant request the trier of fact determine as to each cause of action asserted the percentage of responsibility of each party to the action.

## SIXTH AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff is estopped from denying or disputing the parties, terms, provisions, conditions and coverage provided by the valid and fully executed insurance policies issued by Defendant Atlantic Casualty Insurance Company "Atlantic."

## SEVENTH AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff is responsible for knowing, and is charged with full knowledge of all terms, conditions, exclusions and provisions of its insurance policy.

## EIGHTH AFFIRMATIVE DEFENSE

By way of an affirmative defense to Plaintiff's statutory and common law tort claims, Defendant pleads that Plaintiff failed to exercise the appropriate degree of care in obtaining the

Exhibit 18                    ACIC App. 061

appropriate insurance coverage, and such failure constitutes negligence which was a proximate, producing, contributing, or sole proximate cause of the alleged damages, if any, Plaintiff alleges he suffered. Plaintiff's tort claims are barred in whole or in part, or should be reduced, due to the negligence and comparative responsibility of Plaintiff, as it was Plaintiff's own failure to use due and reasonable care to provide accurate information. Moreover, any alleged reliance by Plaintiff is also deemed unreasonable because of Plaintiff's comparative fault.

## NINTH AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant pleads that the damages sought by this lawsuit against Defendant, were, in whole or in part, caused by the neglect and/or intentional and/or omissions of third person(s) over whom Defendant had no duty to exercise control or whom acted without permission or authority from Defendant. These third person(s)' actions and/or omissions were the sole proximate cause, sole producing cause, proximate cause or a cause of the injuries and damages alleged by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant further affirmatively pleads that, after Plaintiff's representatives allegedly requested the policy provisions made the basis of this lawsuit and prior to the date of loss made the basis of this lawsuit, Plaintiff disclaimed any reliance on prior representations and Plaintiff waived its complaints regarding the coverage[s], alleged lack of coverage[s], and/or alleged representations by purchasing new policies and/or renewing its policy multiple times without further complaint or request for changes.

## ELEVENTH AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff's claims are barred by the defense of quasi-estoppel because Plaintiff accepted multiple renewal policies and an entirely new policy issued by Atlantic which did not provide property coverage for the arena after the date on which Plaintiff allegedly requested coverage for the arena.

## TWELTH AFFIRMATIVE DEFENSE

In the alternative, and without waiver of any other defense, Defendant pleads that Plaintiff's claims for pre-judgment interest are subject to the dates and amounts set forth by statute, including but not limited to, Texas Financial Code, Chapter 304.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant further affirmatively plead that in the unlikely event it is held liable in the above-referenced matter, the damages recoverable should be limited to the amounts and conditions set forth in Chapter 41.001, et. seq. of the Texas Civil Practices and Remedies Code, or its predecessor and/or subsequent or related provisions of the Texas Civil Practices and Remedies Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that Plaintiff cannot recover attorney fees for the claims against Defendants under Chapter 38, Section 38.002, of the Texas Civil Practice & Remedies Code.

Subject to these defenses, Defendant demands strict proof by a preponderance of evidence.

## PRAYER

WHEREFORE, premises considered, Defendant SIG, Inc. prays that judgment be granted in its favor and against Plaintiff in all respects, such that Plaintiff take nothing, and that these causes of action against Service Insurance Group, Inc. be dismissed in total, with full prejudice, and at Plaintiff's cost.

Respectfully submitted,

THE MYERS LAW GROUP, L.L.P.

By: /s/ Angella H. Myers
    **Angella H. Myers**
    **State Bar No. 24027229**
    amyers@myerslawllp.com

    8144 Walnut Hill Lane, Suite 390
    Dallas, Texas 75231
    Telephone: (972) 781-2400
    Facsimile: (972) 781-2401

**ATTORNEYS FOR DEFENDANT**
**Service Insurance Group, Inc.**

## CERTIFICATE OF SERVICE

The undersigned certifies that Defendant SIG, Inc.'s First Amended Answer, Plea to the Jurisdiction and Affirmative Defenses were served to counsel for all parties by electronic filing and service on this 20th day of September, 2017.

/s/ Angella H. Myers
Angella H. Myers

Defendant Service Insurance Group, Inc.'s First Amended Answer        Page 6

Exhibit 18          ACIC App. 064

CAUSE NO. 17-001725-CV-272

| | | |
|---|---|---|
| MARVIN KLINTWORTH D/B/A | § | IN THE DISTRICT COURT OF |
| BRAZOS SITE WORK | § | |
| | § | |
| VS. | § | BRAZOS COUNTY, TEXAS |
| | § | |
| ATLANTIC CASUALTY INSURANCE | § | |
| COMPANY, MARK CANGELOSE | § | |
| SERVICE INSURANCE GROUP, INC. | § | |
| AND LITCHFIELD SPECIAL RISKS, | § | |
| INC. | § | 272ND JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Marvin Klintworth d/b/a Brazos Site Work ("Brazos Site Work") files this First Amended Petition against Atlantic Casualty Insurance Company, Mark Cangelose, Service Insurance Group, Inc., Litchfield Special Risks, Inc, and SIG Insurance Services, LLC.

### I.
### DISCOVERY CONTROL PLAN LEVEL

Brazos Site Work intends that discovery be conducted under Discovery Level 3.

### II.
### PARTIES AND SERVICE

Plaintiff Marvin Klintworth d/b/a Brazos Site Work is an individual residing in Brazos County, Texas.

Defendant Atlantic Casualty Insurance Company is a surplus lines foreign insurance company with its principal place of business in North Carolina. Although Atlantic Casualty Insurance Company does not maintain an office in Texas, Atlantic Casualty Insurance Company engages in business in Texas, has provided insurance products in the State of Texas, and has purposefully availed itself to, and has sufficient contacts with, Texas to be subjected to personal jurisdiction in Texas. The claims presented herein arise directly from Atlantic Casualty Insurance

Exhibit 19     ACIC App. 065

Company's contacts with the State of Texas. Pursuant to Tex. Ins. Code 804.001, et seq. and the policies at issue, Atlantic Casualty Insurance Company may be served with process by serving the Commissioner of Insurance in Texas, at Texas Department of Insurance, 333 Guadalupe Street, Austin, Texas 78701 The Commissioner of Insurance must then send by registered or certified mail, return receipt requested, one copy of the process served on the Commissioner to Atlantic Casualty Insurance Company at PO Drawer 8010, Goldsboro, North Carolina 27533-8010.

Defendant Mark Cangelose is an individual residing in Texas. He may be served with process at his regular place of business 2751 Nash Street, Suite 100, Bryan, Texas 77802.

Defendant Service Insurance Group, Inc. is a domestic corporation with its principal place of business in Brazos County, Texas. It may be served with process through its registered agent, Rodney Hurt, 3840 Corporate Center Drive, Bryan, Texas 77802.

Defendant Litchfield Special Risks, Inc. is a domestic corporation with its principal place of business in Texas. It may be served with process through its Registered Agent, Robert L Maes at 7016 Orizaba, El Paso, Texas 79912 or wherever he may be found.

Defendant SIG Insurance Services, LLC is a domestic limited-liability company with its principal place of business in Texas. It may be served with process through its Registered Agent, Melinda Pollard, at 2751 Nash Street, Suite 100, Bryan, Texas 77802 or wherever she may be found. CITATION IS REQUESTED AT THIS TIME.

### III.
### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over the parties because Defendants are residents of Texas and/or are licensed to do business in Texas and/or engaged in sufficient contact and transactions

Exhibit 19                               ACIC App. 066

in Texas and/or participated in the stream of commerce with the expectation that it would affect commerce in Texas, and Defendants are thus subject to jurisdiction by Texas courts.

In accordance with Texas Rule of Civil Procedure 47, Plaintiff states that he is seeking non-monetary relief and monetary relief of more than $100,000 but less than $200,000. In the alternative, Plaintiff states that he is seeking monetary relief of more than $200,000 but less than $1,000,000. In the alternative, Plaintiff states that he is seeking monetary relief of more than $1,000,000.

Venue in Brazos County is proper in this cause under Section 15.002, et. seq. of the Texas Civil Practice and Remedies Code because the discussions precipitating the purchase, and the actual purchase of, the insurance policies made the basis of this suit occurred in Brazos County, Texas, and at least two of the Defendants reside and/or maintain a principal office in Brazos County, Texas, and the place of the occurrences and contacts all occurred in Brazos County, Texas.

## IV.
## FACTS

In or about December 2003, Brazos Site Work contacted Mark Cangelose, an insurance agent with Service Insurance Group, Inc, to obtain a liability insurance policy for its business operations. For the period of 2003-2012, Service Insurance Group, Inc. was part of the SIG Insurance Services, LLC group. In 2012, Mark Cangelose left Service Insurance Group, Inc. but continues to operate under SIG Insurance Services, LLC.

At the time Brazos Site Work contacted Mr. Cangelose in 2003, Brazos Site Work was a sole proprietorship owned by Marvin Klintworth, who was doing business under the assumed name of Brazos Site Work, as evidenced by the Assumed Name Certificate on file with the Brazos County Clerk at the time. A copy of the Assumed Name Certificate is attached hereto as Exhibit "A." Although the business was Marvin's, he shared the workload with his brother,

Brian, with Marvin doing more of the "out in the field" work and his brother Brian handling the office and paperwork end of the business.

Brazos Site Work provides construction sitework services, namely the part of a construction project that includes grading, excavation, driveways and foundation work. Thus, the construction services provided by Brazos Site Work specifically involve work with, on and involving the surface and levelness of the land. Knowing exactly what kind of work Brazos Site Work does and the business it is involved with, Mr. Cangolose submitted Commercial Insurance Applications on Plaintiff's behalf to Litchfield Special Risks, Inc., the broker used by Mr. Cangelose and Service Insurance Group, Inc. to obtain policies. Litchfield Special Risks, Inc. obtained quotes from Atlantic Casualty Insurance Company on Plaintiff's behalf. At Mr. Cangelose's recommendation, Brazos Site Work purchased a policy from Defendant Atlantic Casualty Insurance Company. The policy number was L096000316 with a policy period of December 31, 2003 through December 31, 2004. A second policy through Atlantic Casualty Insurance Company, numbered L096000583, covered the period of January 25, 2005 through January 25, 2006. The terms of these policies provided for coverage of certain claims made against the insured and obligated Atlantic Casualty Insurance Company to provide a defense for claims made against the insured.

During the policy periods, Chappell Hill Construction Company ("Chappell Hill") subcontracted with Brazos Site Work to perform work for a construction project in Red Rock, Texas ("the Project"). The Project was owned by Bluebonnet Electric Cooperative, Inc. ("Bluebonnet").

In completing his initial bid, Brazos Site Work reviewed the plans and specifications to provide a bid to use 4-feet of select fill under the building pad. Brazos Site Work began and then completed work on the Project during the applicable policy period. A Certificate of Substantial

Completion was later issued for the Project on October 19, 2005, well within the applicable policy period. In doing work on the Project, Brazos Site Work used 4-feet of select fill, as it thought was appropriate by reading of the plans and specifications provided.

After completion of the work, Bluebonnet filed suit in Bastrop County against Chappell Hill and other parties in a case styled Cause Number 423-4305; *Bluebonnet Electric Cooperative, Inc. v. Chappell Hill Construction Co., et al*; In the 423rd Judicial District Court of Bastrop County, Texas. Bluebonnet alleged certain construction and design defects in this lawsuit which was filed in 2016. Bluebonnet alleged that the Red Rock facility had been damaged due to upward movement of the soil-supported slab and attributes that movement to the fact that only 4-feet of select fill was used instead of 6-feet. It was not until July 1, 2016 that Bluebonnet made Marvin Klintworth d/b/a Brazos Site Work a party to the suit, alleging that Brazos Site Work was negligent in reading and interpreting the plans and specifications. Bluebonnet contends that Brazos Site Work should have read the plans and specifications to require 6 feet of select fill for the slab on grade, instead of the 4 feet that Brazos Site Work thought was required.

Brazos Site Work complied with its contract and provided the amount of fill it bid, but Bluebonnet contends Brazos Site Work was negligent because it read the plans and specifications incorrectly. That lawsuit is not a breach of contract case against Brazos Site Work – it is a negligence case. In fact, Brazos Site Work did not even have a contract with Bluebonnet and therefore Bluebonnet cannot even assert a breach of contract case against Brazos Site Work.

Bluebonnet claims to have approximately $2 million in damages. Bluebonnet asserts that because the dirt work performed by Brazos Site Work was buried beneath the building, it was impossible to see the damages at that time. Bluebonnet further claims it did not discover the source of the issues until 2014. Although Brazos Site Work disputes Bluebonnet's claims,

Bluebonnet made a claim which is, or should be, covered by the policies issued by Defendant. Accordingly, Brazos Site Work notified Defendant of the lawsuit by Bluebonnet and demanded that Defendant provide coverage and a defense as required by the policies. This notice was provided immediately after Brazos Site Work located the policy information.

Atlantic Casualty Insurance Company was made aware of the claim and given a copy of Bluebonnet's live-pleading. Brandi K. Percy, a Litigation Examiner with the insurance company was assigned to the claim. Acting on no more than the petition itself and a very short single phone conversation with counsel on March 21, 2017, the insurance company agent issued a ten-page letter, on behalf of Atlantic Casualty Insurance Company on March 31, 2017, denying coverage of the claims made by Bluebonnet and refusing to provide Brazos Site Work a defense.

In refusing to provide coverage, or even provide a defense for Brazos Site Work, Atlantic Casualty Insurance Company claims that the insurance policy is not applicable to the named Defendant in the Bluebonnet suit, "Marvin Klintworth dba Brazos Site Work." However, Brazos Site Work's policies with Atlantic Casualty Insurance Company names the insured as follows:

BRIAN KLINTWORTH
DBA **BRAZOS SITE WORK**
9349 DILLY SHAW TAP RD
BRYAN      TX 77808

An Assumed Name Certificate, under Chapter 36, Title 4 of the Texas Business and Commerce Code was filed in February 2004 indicating that Brazos Site Work was the assumed name under which Marvin Klintworth was conducting business. At the time the insurance was obtained, the only person doing business as "Brazos Site Work" was Marvin Klintworth. The policies do provide coverage to "Brazos Site Work," and therefore, Brazos Site Work – the named defendant in the Bluebonnet lawsuit – is a named insured for which coverage should apply. Furthermore, during the single phone conversation between Defendant's agent and

counsel for Klintorth, it was explained that Marvin and Brian are brothers and had worked at Brazos Site Work together since its inception, and that Brian mainly handled the paperwork while Marvin was generally out in the field.

Brazos Site Work had a d/b/a certificate on file at the time the insurance was obtained. Such certificate put everyone on notice as to who was doing business as Brazos Site Work. The subcontract between Brazos Site Work and Chappell Hill lists "Brazos Site Work" as the subcontractor, and Brazos Site Work is the named insured on the face of the policies at issue. Any discrepancy about who was being insured was caused by the Defendants, who were on notice by Klintworth and by the d/b/a certificate, as to who Brazos Site Work really was.

Atlantic Casualty Insurance Company further denied coverage on the basis that the alleged damages occurred outside of the policy periods, without even conducting any investigation as to when the alleged damages actually occurred or began to occur. Even the Plaintiff in the Bluebonnet suit says they could not see the damage because it was under the building, so Atlantic Casualty cannot possibly know when the alleged damages occurred, much less that they occurred outside the policy period.

The policies at issue are "occurrence-based" and state that the insurance provides coverage when "[t]he "bodily injury" or "property damage" occurs during the policy period...." As explained to Atlantic Casualty's agent, Bluebonnet's lawsuit alleges that it seeks damages for Brazos Site Work's alleged negligence in failing to construct the Project's building pad in accordance with plans and specifications, and the only time in which Brazos Site Work performed work on the Project was during the policy periods. Bluebonnet alleges that its damages resulted from this failure. The "occurrence" and damages for which Bluebonnet sues Brazos Site Work occurred during the policy period, even if the damages were not discovered until much later.

Atlantic Casualty Insurance Company further listed a series of policy provisions, without any explanation for how these provisions applied to Brazos Site Work's request for coverage and how they supported Atlantic Casualty Insurance Company's decision to decline coverage. Curiously, one provision cited in Ms. Percy's letter does not even appear in either insurance policy she provided to the insured's counsel. That provision reads as follows:

### EXCLUSION – SUBSIDENCE

In consideration of the premium charged, it is hereby understood and agreed that liability for bodily injury or property damage caused by, resulting from, attributable to or contributed to, or aggravated by the subsidence of land as a result of landslide, mud flow, earth sinking or shifting, resulting from operations of the Named Insured or any other subcontractor of the Named Insured is excluded.

AGL-011 1/03

If the "Subsidence" exclusion is considered to be part of Plaintiff's insurance policies, it stands to reason that Plaintiff was sold a virtually useless policy. By virtue of Plaintiff's business alone—Brazos *Site Work*—it is clear that the nature of Plaintiff's work is dirt work for new construction. Movement of foundations and subsidence, is a very common, known issue in the state of Texas. And Brazos Site Work's work is directly involved in the leveling and minimization of earth movement. Coverage for subsidence is something that Brazos Site Work would clearly have expected and needed in a liability policy. If the "Subsidence" exclusion is considered to be part of Brazos Site Work's insurance policies, then Defendants Service Insurance Group, Inc., Mark Cangelose, and Litchfield Special Risks, Inc. were negligent is selling the wrong policies to Plaintiff. Furthermore, Defendant Atlantic Casualty Insurance Company has misinterpreted its own policy provisions because the "Subsidence" exclusion is not applicable to the facts of this case.

If the "Subsidence" exclusion is not part of the Plaintiff's insurance policies, then Defendant Atlantic Casualty Insurance Company has boldly misrepresented the policies to

Exhibit 19                              ACIC App. 072

Brazos Site Work by claiming certain non-existent language has a bearing on its decision to deny coverage.

The duty to defend is a separate duty owed by the insurance company and even if Brazos Site Work is not liable to Bluebonnet for its alleged "negligence" in reading the plans and specifications, Atlantic Casualty Insurance Company still owed Brazos Site Work a duty to defend such ridiculous claims. Defendant Atlantic Casualty Insurance Company has wrongfully denied to even investigate or defend Brazos Site Work. Its actions towards Brazos Site Work reflect a complete lack of good faith in investigation of Bluebonnet's allegations prior to declining to even provide Brazos Site Work with a defense in the Bastrop County lawsuit. Brazos Site Work seeks a determination by this Court that Atlantic Casualty Insurance Company is contractually obligated to provide a defense and coverage to Brazos Site Work for the claims asserted by Bluebonnet. As it stands now, Brazos Site Work is having to pay for its own defense, is potentially liable for $2 million in damages, and the insurance procured for the express purpose of providing coverage for this construction project, appears to be a farce. Even if Brazos Site Work were to prevail in the Bastrop County action, it has expended, and will continue to expend, significant amounts of attorney's fees in defending the action—fees that should have been covered by Atlantic Casualty Insurance Company under its obligation to provide a defense to Brazos Site Work.

Furthermore, in May 2010, Plaintiff reorganized into two separate entities—Brazos Sitework, LP and Brazos Sitework Management, LLC. At the time, neither Mark Cangelose, Service Insurance Group., Inc. nor SIG Insurance Services, LLC recommended and/or advised Brazos Site Work to purchase a policy that would provide continuing coverage for work performed by Brazos Site Work, the sole proprietorship.

## V.
## DECLARATORY JUDGMENT

Pursuant to §37.006 of the Texas Practice & Remedies Code, the other persons or entities that would be affected by the declarations sought herein include Marvin Klintworth d/b/a Brazos Site Work and Defendant Atlantic Casualty Insurance Company and Mark Cangelose, Service Insurance Group, Inc., and SIG Insurance Services, LLC. Brazos Site Work requests that the Court interpret the rights and obligations of the parties with regard to the Atlantic Casualty Insurance Company Policies, Numbered L096000316 and L096000583, and determine the following:

- That the claims made by Bluebonnet Electric Cooperative, Inc. are claims covered under the insurance policies issued by Atlantic Casualty Insurance Company and made the basis of this suit; and

- That Atlantic Casualty Insurance Company must provide a defense for Brazos Site Work with regard to the claims made by Bluebonnet Electric Cooperative, Inc.

## VI.
## BREACH OF CONTRACT

Defendant Atlantic Casualty Insurance Company promised to provide a defense to Brazos Site Work should a suit arise against Brazos Site Work for damages covered by the policies. Brazos Site Work paid premiums in compliance with the policies. However, upon being notified of the lawsuit filed by Bluebonnet, Defendant Atlantic Casualty Insurance Company refused to provide a defense. This refusal constitutes a breach of contract, and Brazos Site Work has suffered injuries and damages as result of that breach.

## VII.
## NEGLIGENCE

Pleading in the alternative, Defendants Mark Cangelose, Service Insurance Group, Inc., and Litchfield Special Risks, Inc.'s conduct constituted a breach of the duty of ordinary care owed by Mark Cangelose, Service Insurance Group, Inc., and Litchfield Special Risks, Inc. to Brazos Site Work, and Mark Cangelose, Service Insurance Group, Inc., SIG Insurance Services, LLC, and Litchfield Special Risks, Inc. were negligent by failing to properly identify the name of the insured in the applicable policies and, if the "Subsidence" exclusion is considered part of the applicable policies, Mark Cangelose, Service Insurance Group, Inc., SIG Insurance Services, LLC, and Litchfield Special Risks, Inc. were negligent by failing to offer Plaintiff a policy that did not include a "Subsidence" exclusion or by failing to fully and completely explain such coverage issues. Furthermore, Mark Cangelose, Service Insurance Group, Inc., and/or SIG Insurance Services, LLC were negligent by failing to recommend and/or advise Plaintiff to purchase a policy that would provide continuing coverage for work performed by Marvin Klintworth d/b/a Brazos Site Work.

The above listed act and/or omission rises to the level of negligence and was a proximate cause of Brazos Site Work's damages made the basis of this lawsuit.

## VIII.
## ATTORNEYS FEES

As a result of the controversy between the parties, Brazos Site Work has been required to retain the undersigned legal counsel to institute and prosecute this action. Brazos Site Work is therefore entitled, pursuant to Section 37.009 and §38.001 of the Texas Civil Practice and Remedies Code and Texas common law, to all reasonable and necessary attorney's fees and costs in prosecuting this action.

## IX.
## CONDITIONS PRECEDENT

All conditions precedent have been performed or have been waived as required by Rule 54 of the Texas Rules of Civil Procedure.

## X.
## REQUEST FOR DISCLOSURE

Brazos Site Work requests that within fifty (50) days of service, Defendants provide the information set forth in Rule 194.2 of the Texas Rules of Civil Procedure.

## XI.
## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Brazos Site Work serves notice that at any pretrial hearings or at the trial of this lawsuit, Brazos Site Work intends to use and rely upon each document produced by any party in written discovery, pretrial hearings, depositions, or in conjunction with the filing of any motions or pleadings in this lawsuit.

## XII.
## JURY DEMAND

Brazos Site Works respectfully demand a trial by jury on all issues of fact that may exist.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial hereof, declaratory judgment be granted as requested herein; that Plaintiff have and recover all costs and reasonable attorney's fees, and for such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

PAYNE, MALECHEK, SCHERR, CAMPBELL & MOORE, P.C.

By  /s/ Scott J. Scherr
        Scott J. Scherr
        State Bar No. 17745412
        Email: Scherr@thepaynelawgroup.com
        Jason D. Reynal
        State Bar No. 24083725
        Email: Reynal@thepaynelawgroup.com
        3850 Corporate Center Drive
        Bryan, Texas 77802
        979.776.9800
        979.731.8333 (Fax)
        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was forwarded to the following in the above entitled and numbered cause on September 20, 2017:

Thomas A. Culpepper                          *Via E-File to tculpepper@thompsoncoe.com*
Dirrell S. Jones                             *Via E-File to dirrell.jones@thompsoncoe.com*
Thompson, Coe, Cousins & Irons, LLP
700 N. Pearl Street,
Twenty-Fifth Floor
Dallas, Texas 75201-2832
Counsel for Defendant Mark Cangelose

Angella H. Myers                             *Via E-File to amyers@myerslawllp.com*
The Myers Law Group, LLP
8144 Walnut Hill Lane, Ste 390
Dallas, Texas 75231
Counsel for Defendant Service Insurance Group, Inc.

Brian J. Bradigan                            *Via E-File to brian@hermes-law.com*
Ryan Brown                                   *Via E-File to ryan@hermes-law.com*
Hermes Law, P.C.
2001 N. Lamar Street, Suite 450
Dallas, Texas 75202

Camille Johnson                              *Via E-File to camille@ssjmlaw.com*
Allison Griswold                             *Via E-File to allison@ssjmlaw.com*
SAVRICK, SCHUMANN, JOHNSON, MCGARR, KAMINSKI & SHIRLEY, L.L.P.
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
Counsel for Atlantic Casualty Insurance Company

                                   /s/ Scott Scherr
                                       Scott J. Scherr

Brazos County



300 T. 26ᵗʰ St., Suite ··· · · · · ·
Bryan TX 77803
(979) 361-4230-4240

Marc Hamlin
District Clerk

## ISSUANCE OF PROCESS INSTRUCTIONS

Cause Number: **17-001725-CV-272**

Please issue the following type of process:

☑ Citation ☐ Citation by Publication ☐ Citation by Posting

☐ Writ of Sequestration ☐ Writ of Garnishment ☐ Writ of Attachment

☐ Subpoena-Civil ☐ Subpoena-Criminal ☐ Bill of Cost

Requesting Party's Name, Address and Phone Number:

Scott Scherr--Payne, Malechek, Scherr, Campbell & Moore, PC

**3850 Corporate Center Drive**

**Bryan, Texas 77802**

Name and Address of person to be served:

SIG Insurance Services, LLC through its Registered Agent Melinda Pollard

**2751 Nash Street, Suite 100**

Bryan, Texas 77802--or wherever she may be found

**Please check one:**

☐ Attorney/Runner will pick up (Put in Runners Box)

☐ Process Server will pick up (Put in Runners Box)

☐ Mail to Attorney's Office/Requesting Party

☐ Forward to Sheriff's Office

☑ Serve by Certified Mail

---

**The Brazos County District Clerk's Office cannot issue any process until the above information is provided and the correct fees have been paid.**

---

Exhibit 20 ACIC App. 079

List of Counsel of Record and Parties Represented

**Counsel for Plaintiff, Marvin Klintworth d/b/a Brazos Site Work**
Scott J. Scherr
State Bar No. 17745412
Jason D. Reynal
State Bar No. 24083725
PAYNE, MALECHEK, SCHERR, CAMPBELL & MOORE, P.C.
3850 Corporate Center Drive
Bryan, Texas 77802
Phone: (979) 776-9800
Fax: (979) 731-8333
Email: scherr@thepaynelawgroup.com
Email: reynal@thepaynelawgroup.com

**Counsel for Defendant, Atlantic Casualty Insurance Company**
Camille Johnson
State Bar No. 10686600
Southern District Bar No. 16414
SAVRICK, SCHUMANN, JOHNSON, MCGARR, KAMINSKI & SHIRLEY, L.L.P.
6440 N. Central Expressway, Suite 107
Dallas, Texas 75206
Phone: (214) 368-1515
Fax: (214) 292-9647
Email: camille@ssjmlaw.com

**Counsel for Defendant, Mark Cangelose**
Thomas A. Culpepper
State Bar No. 05215650
Dirrell S. Jones
State Bar No. 24071306
THOMPSON, COE, COUSINS & IRONS, LLP
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Phone: (214) 871-8200
Fax: (214) 871-8209
Email: tculpepper@thompsoncoe.com
Email: dirrell.jones@thompsoncoe.com

**Counsel for Defendant, Service Insurance Group, Inc.**
Angella H. Myers
State Bar No. 24027229
THE MYERS LAW GROUP, L.L.P.
8144 Walnut Hill Lane, Suite 390
Dallas, Texas 75231

Exhibit 21
ACIC App. 080

Phone: (972) 781-2400
Fax: (972) 781-2401
Email: amyers@myerslawllp.com

**Counsel For Defendant, Litchfield Special Risks, Inc.**
Brian J. Bradigan
State Bar No. 24099083
Ryan Brown
State Bar No. 24094567
HERMES LAW, P.C.
2001 N. Lamar Street, Suite 450
Dallas, Texas 75202
Phone: (214) 749-6800
Fax: (214) 749-6801
Email: brian@hermes-law.com
Email: ryan@hermes-law.com

Exhibit 21                          ACIC App. 081